THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OLIVER CHEW, Defendant-Appellant.

First District (1st Division) No. 85—0910

Opinion filed September 14, 1987.

Michael A. Unger, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., and Theodore F. Burtzos, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Following a jury trial, defendant was found guilty of armed robbery and sentenced to 45 years in the Illinois Department of Corrections. On appeal he argues: (1) that his conviction should be reversed and remanded for a new trial based on newly discovered evidence; (2) that the trial court erred in advising the jury in the absence of defense counsel; (3) that he was not proved guilty beyond a reasonable doubt; and (4) that the 45-year sentence was excessive. We affirm.

Complainant, Robert Rockingham, testified that on November 24, 1984, at approximately 9 p.m., he went to visit a friend at 4112 Taylor Street in Chicago. As he parked his car and walked across the street, he saw one of the defendants, Walter Cunningham, walking towards him. Rockingham walked up on the porch and knocked at the door.

Cunningham also walked up on the porch, where he was joined by defendant Oliver Chew and the third codefendant, Lawrence Blakely. Chew pulled a bluesteel .38 caliber revolver out and pointed it at Rockingham while Cunningham and Blakely took $176 from Rockingham's pockets. The money consisted of a $100 bill, a $50 bill, a $10 bill, two $5 bills, and six $1 bills. The three men then left and ran to the corner of Taylor and Karlov Streets, where they started to get into a blue Chevrolet.

Rockingham drove to Taylor and Pulaski, where he stopped a police car and described the robbery. The officers followed him and shortly thereafter he spotted the blue Chevrolet and identified it to the officers. The police officers chased defendants, and they were

eventually stopped at Karlov and 13th Streets. Rockingham saw the three men who had robbed him get out of the blue Chevrolet. Later that night police returned a $100 bill, a $50 bill and a $10 bill to him.

Officer Eddie Jones corroborated Rockingham's testimony regarding the chase and the apprehension of defendants. He further testified that after the defendants were arrested, he described the route of the chase to Officer Vondrak and asked him to retrace it to search for the weapon. At the police station Officer Jones searched the three men. Inside the right sock of Oliver Chew he found a $100 bill, a $50 bill and a $10 bill, which were later returned to Rockingham.

Officer Vondrak testified that he retraced the route of the chase and found a fully loaded bluesteel .38 caliber revolver in the alley. The handle had been cracked and there were fresh scratch marks on the barrel and cylinder. The gun was not dusted for fingerprints because it had been contaminated and the grip surface was too rough to reveal prints.

Defendant Walter Cunningham testified that on November 24, 1984, at about 7 p.m. he was at home with Lawrence Blakely. They left the house and drove to a liquor store on Keeler and Roosevelt, where they remained for about an hour. They then drove to Kildare and Roosevelt, where they saw Oliver Chew. Chew asked them for a ride and got inside the car. Cunningham drove down an alley where he was pulled over by a police car. He stated that he did not rob the complainant and that neither defendants Chew nor Blakely had a gun. In rebuttal, Officer Robert Cook testified that he was in the police car with his partner, Officer Jones, when they were approached by Robert Rockingham. They followed his car and noticed the car in which defendants were riding. Defendants' car stopped at Roosevelt and Kildare but nobody entered or left the car. After the car crossed Roosevelt Road, Officer Cook pulled the car over and arrested defendants. The jury found Chew guilty of armed robbery and he was sentenced to an extended term of 45 years.

Defendant maintains that his conviction should be reversed and a new trial ordered based on newly discovered evidence, which he asserts casts doubt on the credibility of the State's primary witness, Robert Rockingham. The new evidence consisted of an article in the March 22, 1985, Sun-Times indicating that the house at 4112 West Taylor, where Rockingham had purportedly gone to see a friend, was "a popular drug confectionary with a wide following."

■■ ■ "To warrant a new trial, newly discovered evidence must

be material, so conclusive it will probably change the result, discovered after the trial, and incapable of being discovered prior to trial by the exercise of due diligence." (*People v. Houston* (1986), 151 Ill. App. 3d 102, 115, 502 N.E.2d 1111, citing *People v. Molstad* (1984), 101 Ill. 2d 128, 134, 461 N.E.2d 398.) Whether to grant or deny a motion for a new trial based on newly discovered evidence is discretionary with the trial court, and the exercise of its discretion will not be disturbed except in case of manifest abuse. *People v. Reese* (1973), 54 Ill. 2d 51, 59, 294 N.E.2d 288.

■ The allegedly new evidence here is collateral and not in any way material to the issue of whether the complainant was robbed at gunpoint by the defendants. Nor is there any basis upon which to conclude that evidence in regard to the Taylor Street house would have changed the outcome of the trial. Even if the evidence regarding the sale of drugs at 4112 West Taylor would tend to impeach Rockingham, evidence which merely impeaches a witness does not afford a basis for granting a new trial. (*People v. Carpenter* (1979), 74 Ill. App. 3d 770, 774, 393 N.E.2d 50.) Based on questions asked of both the complainant and Officer Jones regarding drug sales at the Taylor Street address, it also appears that defendant knew about the evidence prior to trial; thus we find no abuse of discretion in the trial court's refusal to grant the motion for a new trial.

■ We also reject defendant's argument that his conviction should be reversed because the court advised the jury in the absence of defendant and his attorney. The trial court informed defense counsel that he had received a note from the jury and that he advised the jury in counsel's absence to "read the instructions and continue their deliberations." Defense counsel stated that he had no objections and the issue was not raised in his written motion for a new trial. The issue is therefore waived on appeal. *People v. Caballero* (1984), 102 Ill. 2d 23, 31-32, 464 N.E.2d 223, *cert. denied* (1984), 469 U.S. 963, 83 L. Ed. 2d 298, 105 S. Ct. 362.

■ Defendant next contends that he was not proved guilty beyond a reasonable doubt. The basis for this contention is that his conviction rests on the testimony of a single complainant, his fingerprints were not found on the gun allegedly used in the incident, no witness saw the gun thrown from the car into the alley where it was discovered by Officer Vondrak and the money found in his possession is a fungible commodity. We find these arguments unpersuasive.

The testimony of a single witness can be sufficient to support a conviction if the witness observed the accused under conditions per-

mitting a positive identification. (*People v. McNutt* (1986), 146 Ill. App. 3d 357, 496 N.E.2d 1089.) As a reviewing court we may not substitute our judgment for that of the trier of fact on questions involving the weight of the evidence or the credibility of a witness, nor will we reverse a conviction unless the evidence is so improbable as to raise a reasonable doubt of guilt. (See *People v. Mansion* (1977), 67 Ill. 2d 564, 578, 367 N.E.2d 1313, *cert. denied* (1978), 435 U.S. 937, 55 L. Ed. 2d 533, 98 S. Ct. 1513.) Here the victim had ample opportunity to view the defendants' faces, as they were only a few feet away from him during the robbery and there were streetlights illuminating the area. The defendants were followed and arrested shortly after the robbery and immediately identified by the victim.

 Although no witness saw the defendants throw the gun into the alley, the victim, an army veteran familiar with guns, testified that a bluesteel .38 caliber revolver was used by defendant Chew during the robbery. A police officer retraced the route of the chase through the alley and testified regarding the recovery of a fully loaded bluesteel revolver one block from where defendant's car was stopped. The handle had been cracked and there were fresh scratches on the barrel and cylinder. Despite the fact that fingerprints were not taken due to the fact that the surface of the gun handle was rough and not conducive to the taking of fingerprints, we believe there was sufficient circumstantial evidence for the jury to believe that this was the gun used by the defendant.

 In our opinion, there was also sufficient circumstantial evidence for the jury to find that the money found in defendant's sock was the money taken from the complainant. Rockingham testified that of the $176 taken from him, he had a $100 bill, one $50 bill and one $10 bill, the denominations found in defendant's sock at the time of his arrest.

 Defendant's final argument is that the 45-year extended-term sentence was extremely excessive in light of the fact that no one was harmed during the armed robbery. He points out that his codefendant, Lawrence Blakely, who had a similar criminal background, received only a 30-year sentence. On review, we find that the trial court did not abuse its discretion in sentencing the defendant to a 45-year extended term of incarceration.

The trial and sentencing proceedings afford the trial court a superior opportunity to consider the factors upon which a sentence is predicated (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882), and a reviewing court may not substitute its judgment

or preference in regard to sentencing for that of the trial court. *People v. Hicks* (1984), 101 Ill. 2d 366, 375, 462 N.E.2d 473.

█ The trial court below, in imposing sentence on defendant Chew and his two codefendants, considered the facts of this case, the criminal histories of each defendant and the information in the presentence investigation report. Walter Cunningham, who had no prior felony convictions, was sentenced *in absentia* to 15 years' incarceration.[1] Lawrence Blakely, who had two prior felony convictions, one of which was a Class X, was sentenced to 30 years' imprisonment.[2] Defendant Chew, however, held the loaded gun on Robert Rockingham while his money was taken and most of the money was later recovered in Chew's possession. Since defendant had three prior felony convictions, including two Class X felonies and one manslaughter conviction, he was eligible for an extended-term sentence of from 30 to 60 years' incarceration. Under the circumstances here, we do not believe the court abused its discretion in sentencing defendant to 45 years' incarceration.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

█ Pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, and *People v. Agnew* (1985), 105 Ill. 2d 275, 473 N.E.2d 1319, the State is granted $75 to cover the costs of this appeal.

Judgment affirmed.

CAMPBELL and BUCKLEY, JJ., concur.

---

[1]Defendant Cunningham's conviction was affirmed pursuant to Supreme Court Rule 23, March 30, 1987, 153 Ill. App. 3d 1158. The cause was remanded for a new sentencing hearing as a result of the trial court's failure to consider a presentence investigation report as required by section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—3—1).

[2]Defendant Blakely's conviction was affirmed pursuant to Supreme Court Rule 23, April 7, 1986, 144 Ill. App. 3d 1173, *appeal denied,* (1986), 112 Ill. 2d 581.