THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARKEETA JONES, a/k/a Markeeta Sims, Defendant-Appellant.

First District (4th Division)   No. 1—04—1045

Opinion filed October 27, 2005.—Rehearing denied December 9, 2005.

Michael J. Pelletier and Emily E. Filpi, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (James E. Fitzgerald, Manny Magence, and Jeffery Beck, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GREIMAN delivered the opinion of the court:

Defendant Markeeta Jones, also known as Markeeta Sims, appeals from an order of the circuit court dismissing her *pro se* petition for postconviction relief. For the reasons that follow, we affirm.

Defendant was initially indicted on the charge of aggravated battery to a child after her daughter Damilah suffered second- and third-degree burns while in her care. At trial, Damilah's father testified that he spoke with defendant on the telephone the day Damilah incurred her injuries and that he heard Damilah crying intensely and defendant saying, "Damilah, this is what you done. This is what you done." A social worker from the University of Chicago Hospital, where Damilah had been treated for her burns, and other investigators testified that defendant had told them that Damilah had suffered her burns when defendant gave her a bath. The State's expert, who had served on the team of doctors that treated Damilah's burns, testified that the injuries could not have been incurred by immersion in hot water but were more likely caused by deliberate contact with a hot surface such as a radiator or oven. The jury convicted defendant of aggravated battery of a child and the trial judge sentenced her to 15 years' imprisonment.

On direct appeal, defendant sought reversal contending that the State's evidence was not sufficient to support her conviction, that the prosecutor's comments during closing statements deprived her of a fair trial, and that her sentence was excessive. This court affirmed defendant's conviction and sentence, finding that the State's evidence was sufficient, that the prosecutor did not make improper arguments or improperly shift the burden of proof to the defense, and that the trial court's sentence was not excessive. *People v. Sims*, No. 1—01—1989 (2002) (unpublished order under Supreme Court Rule 23).

In December 2003, defendant filed the instant postconviction petition, alleging that the State engaged in prosecutorial misconduct by making biased and prejudicial comments during trial, arguing facts not based on evidence, shifting the burden of proof to the defense, and making improper comments during closing arguments; that the State failed to prove her guilty of aggravated battery of a child beyond a reasonable doubt; that her trial counsel was ineffective; that the trial judge erred in sentencing; and that the trial judge exhibited bias and prejudice against her.

The circuit court summarily dismissed defendant's petition, finding that her claims of the insufficiency of the State's evidence, pros-

ecutorial misconduct, and imposition of an excessive sentence were barred under the doctrine of *res judicata*, as they had already been adjudicated on defendant's direct appeal. The court also determined that defendant's claims of ineffective assistance of counsel and judicial bias were barred by the doctrine of waiver. The court further found that even if these latter claims were not procedurally barred, her claim of ineffective assistance was not supported by any facts and her claim of judicial misconduct was without merit. Defendant now appeals.

The Post-Conviction Hearing Act (Act) provides defendants with a means of challenging their convictions or sentences for violations of their constitutional rights that could not have been raised on direct appeal. 725 ILCS 5/122—1 *et seq.* (West 2002). The Act establishes a three-stage process for adjudication of a postconviction petition. At the first stage, the trial court determines whether the defendant's allegations sufficiently demonstrate a constitutional violation that would necessitate relief, and may summarily dismiss the petition upon finding that it is frivolous and patently without merit. *People v. Coleman*, 183 Ill. 2d 366, 380 (1998); 725 ILCS 5/122—2.1(a)(2) (West 2002). All well-pled allegations are to be taken as true and liberally construed, unless contradicted by the record. *Coleman*, 183 Ill. 2d at 380-81. A petition is considered frivolous and patently without merit where its allegations fail to present the gist of a meritorious constitutional claim. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). This court reviews the summary dismissal of a petition for postconviction relief *de novo. Coleman*, 183 Ill. 2d at 388-89.

Although they are presented later in her brief, we deal initially with defendant's assertions on appeal that the State engaged in prosecutorial misconduct, that the trial evidence was insufficient to support her conviction, and that her sentence was excessive. Defendant contends that the circuit court's summary dismissal of these claims was improper under *People v. Boclair*, 202 Ill. 2d 89 (2002), where the Illinois Supreme Court held that circuit courts may not dismiss postconviction claims on procedural bases such as untimeliness, waiver, or *res judicata* because none of those bases deal with a petition's substantive claims. We disagree.

The supreme court has recently revisited its holding in *Boclair* and ruled that circuit courts may summarily dismiss postconviction petitions on the bases of *res judicata* and waiver. *People v. Blair*, 215 Ill. 2d 427 (2005). In *Blair*, the court reasoned that the terms "frivolous" and "patently without merit" in the Act encompassed claims that had already been litigated or could have been raised but were not in prior proceedings, in that such claims had no basis in law

or fact and were by definition without merit. *Blair*, 215 Ill. 2d at 442-46. The court concluded that a circuit court may examine the records of prior proceedings to determine whether a defendant's postconviction claims have already been decided or could have been raised and thus rebut the presumption that they raise the gist of a constitutional claim. *Blair*, 215 Ill. 2d at 446.

■ Pursuant to the holding of *Blair*, we affirm the circuit court's summary dismissal of defendant's claims of prosecutorial misconduct, insufficiency of the evidence, and excessive sentence. This court addressed and analyzed each of these issues exhaustively on direct appeal, thus rendering them susceptible to dismissal on the basis of *res judicata*. The mere repetition of identical grievances in a later filing does not automatically imbue them with the ability to state gists of constitutional claims, and *Boclair* no longer ensures their viability. Accordingly, the circuit court's summary dismissal was not in error, as defendant's arguments on these grounds have already been heard and addressed, and need not be addressed again.

■ As her second contention on appeal, defendant attempts to revive her claims of prosecutorial misconduct by arguing actual innocence and alleging that false assertions made by the prosecutor during closing arguments formed the basis for her conviction for a crime she did not commit. Her argument amounts to little more than an attempt to rephrase her previous claims of improper argument and insufficient evidence. Moreover, defendant points to no newly discovered evidence supporting her claim of actual innocence, which is required under the Act. See *People v. Hickey*, 204 Ill. 2d 585, 601-02 (2001). Accordingly, we reject defendant's contention and uphold the circuit court's dismissal of her claims.

■ Lastly, we deal with defendant's contention that the summary dismissal of her petition must be reversed and her case remanded for second-stage proceedings because the petition stated the gist of a meritorious constitutional claim where she alleged that her trial counsel was ineffective for failing to subpoena and elicit testimony from University of Chicago Hospital staff, one or more of whom could have testified to defendant's demeanor, emotional state, and diligence and interaction while remaining with Damilah during her hospitalization. We do not agree.

Preliminarily, we find that defendant has waived this issue for purposes of our review. In postconviction proceedings, issues that could have been presented on direct appeal but were not are considered waived and are subject to summary dismissal on that basis. *People v. Barrow*, 195 Ill. 2d 506, 519 (2001); *Blair*, 215 Ill. 2d at 446.

Defendant's brief contains a very cursory attempt to circumvent

the waiver rule, citing the proposition that, in postconviction proceedings, reviewing courts may relax the waiver rule where the defendant's failure to raise an issue on direct appeal is attributable to ineffective assistance of appellate counsel (*People v. Pitsonbarger*, 205 Ill. 2d 444, 458 (2002)), then asserts in a very conclusory fashion that her appellate counsel was indeed ineffective for failing to raise the issue of trial counsel's performance, without any analysis or reasoning, nor any reference to this court's previous disposition.

In order to demonstrate ineffective assistance of appellate counsel, a defendant must allege facts showing that the failure to raise an issue or issues on appeal was objectively unreasonable and that counsel's decision prejudiced the defendant. *People v. Flores*, 153 Ill. 2d 264, 283 (1992). Appellate counsel is not required to brief every conceivable issue on appeal, and it is not incompetence for counsel to refrain from raising issues that he or she believes are without merit. *People v. Johnson*, 154 Ill. 2d 227, 236 (1993). A defendant suffers no prejudice if the underlying issues are nonmeritorious. *People v. Rogers*, 197 Ill. 2d 216, 223 (2001). In order to establish that appellate counsel was deficient, defendant must demonstrate that her allegation of ineffective trial counsel was meritorious and that this court would have found as such had appellate counsel raised the issue on direct appeal. *People v. Patterson*, 192 Ill. 2d 93, 112 (2000).

Defendant does not even attempt to meet this standard. Instead, she only invokes *Edwards* several times, stating repeatedly that the mere allegation of ineffective assistance of counsel presents the gist of a meritorious constitutional claim and therefore must survive summary dismissal. We are not convinced. Defendant presents no argument demonstrating that testimony from a witness from the University of Chicago Hospital staff would have altered the outcome of her trial and that her trial counsel's failure to call such a witness was objectively unreasonable and therefore constituted prejudice. She makes no allegations as to what such testimony might have contained or how it might have swayed the jury to arrive at a different verdict.

The record before us demonstrates that defendant's counsel on direct appeal raised several issues for review, many of which, in our estimation, were more meritorious than the argument presently before us. Counsel earnestly briefed defendant's allegations concerning prosecutorial misconduct, the sufficiency of the evidence to sustain her conviction, and the length of her sentence. We fail to see how counsel's omission of arguments pertaining to trial counsel's performance constituted ineffective assistance. Accordingly, we reject defendant's argument that her scant assertion of ineffective assistance of appellate counsel insulates her claim of ineffective assistance of trial counsel from summary dismissal, and we uphold the circuit court's decision.

For the reasons set forth above, we affirm the judgment of the circuit court.

Affirmed.

QUINN, P.J., and MURPHY, J., concur.