FIFTH DIVISION
December 19, 2008

No. 1-07-1014

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 90 CR 29983 |
| | ) | |
| SHONGO COLLIER, | ) | The Honorable |
| | ) | Thomas R. Sumner, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE TOOMIN delivered the opinion of the court:

Defendant, Shongo Collier, appeals from an order of the circuit court of Cook County denying him leave to file a successive petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2006)).  Defendant contends that the trial court erred because: (1) he presented a freestanding claim of actual innocence; and (2) the court improperly permitted input by the prosecutor during the first stage of the postconviction proceedings.  Defendant also asserts that the court erred in imposing fees and costs pursuant to section 22-105 of the Code of Civil Procedure (Code) (735 ILCS 5/22-105 (West 2006)).  He further requests that the mittimus be corrected to reflect a single conviction for the offense of first degree murder.

For the following reasons, we vacate the order for fees and costs, order the mittimus to be corrected and affirm the court's judgment in all other respects.

BACKGROUND

In 1991, following a bench trial before Judge Howard Savage, defendant was convicted of first degree murder and sentenced to 45 years' imprisonment in the Department of Corrections. The conviction stemmed from the drive-by shooting of Keith Muldrew on November 18, 1990, at or near 7016 South Sangamon in the city of Chicago. At trial, the sole eyewitness, Terrence Franks, identified defendant as the driver and shooter. Erica Wright corroborated Franks' testimony that he left her apartment and joined up with the victim just prior to the shooting. Additionally, Tyrone Freeman testified that at 11 p.m. he had dropped off defendant at his home, thereby contradicting defendant's defense of alibi. Judgment was affirmed on direct appeal notwithstanding petitioner's claims of reasonable doubt and excessive sentence. *People v. Collier*, No. 1-92-0598 (1995) (unpublished order under Supreme Court Rule 23).

On June 7, 1993, during the pendency of his direct appeal, defendant filed a *pro se* petition for postconviction relief. The petition alleged, *inter alia*, (1) illegal arrest; (2) perjury by Terrence Franks; (3) the State's manipulation of Tyrone Freeman's testimony; and (4) trial counsel's failure to properly investigate. The petition was summarily dismissed by the trial court upon a finding of *res judicata* or waiver. On April 18, 1995, the dismissal was affirmed. *People v. Collier*, No. 1-93-3513 (1995) (unpublished order under Supreme Court Rule 23).

On August 2, 1999, private counsel filed a successive postconviction on defendant's behalf asserting a claim of actual innocence based upon newly discovered evidence. The petition

2

incorporated affidavits of Terrence Franks and Erica Wright recanting their trial testimony. Franks now averred that he did not witness the murder and stated he had falsely identified and accused defendant at trial. Similarly, Erica now stated that she had fabricated her testimony to match that of Franks. On October 25, 1999, the trial court summarily dismissed the successive petition finding that defendant had failed to demonstrate that the proceedings on the original petition had been fundamentally deficient and that defendant's claim was barred by *res judicata*. On March 19, 2001, we affirmed the dismissal, holding that petitioner had failed to show diligence in obtaining the affidavits of both Franks and Wright. *People v. Collier*, No. 1-99-4212 (2001) (unpublished order under Supreme Court Rule 23).

On April 26, 2005, defendant filed another *pro se* petition for relief, this time pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2004)). In that petition, he asserted that his right to due process had been violated by the State's use of perjured testimony, as well as by the knowing use of testimony coerced by a key officer, Detective McWeeny. In support, he incorporated the identical affidavits of Franks and Wright that were earlier rejected in his successive petition. On June 9, 2005, the trial court by written order recharacterized the pleading as a petition for postconviction relief before summarily dismissing it as frivolous and patently without merit.

Defendant appealed, and on respondent's motion, we remanded the matter pursuant to *People v. Shellstrom*, 216 Ill. 2d 45, 833 N.E.2d 863 (2005). *People v. Collier*, No. 1-05-2432 (2006) (unpublished order pursuant to Supreme Court Rule 23). On January 18, 2007, defendant was returned to court and given his *Shellstrom* admonishments. On that occasion, defendant

3

elected to have his previously filed section 2-1401 petition treated as a successive petition for postconviction relief. Defendant requested 60 days to amend the petition, which the court allowed.

On March 7, 2007, defendant filed the instant petition for postconviction relief, facially captioned as "Newly Discovered Evidence of Actual Innocence." In this second successive petition, he alleges that the State knowingly used perjured testimony of Tyrone Freeman, Terrence Franks and Erica Wright that had been coerced by Detective McWeeny. Defendant again incorporated the earlier affidavits of Franks and Wright, as well as Freeman's affidavit dated October 7, 2006. Freeman averred that when Detective McWeeny and Assistant State's Attorney Eileen Rubin took his statement, they directed that he change the time he dropped off defendant in such manner as to destroy defendant's defense of alibi. In a supplement to the successive petition filed March 19, 2007, defendant further asserted that trial counsel was ineffective for failing to call Preston Berry, a potential witness who would have denied that an earlier altercation took place between Muldrew and the defendant, thereby contradicting the State's "motive" evidence presented at trial.

On March 26, 2007, the trial court rejected the claims set forth in defendant's successive petition and also granted the State's motion for fees, costs and reduction of good-time credits. The dismissal order concluded:

"That the defendant's second successor [*sic*] post-conviction petition is summarily dismissed pursuant to the cause and prejudice requirements set forth in *People v. Pitsonbarger*, 205 Ill. 2d 444, 793 N.E.2d 600 [*sic*] (2002) as these allegations are

4

frivolous and patently without merit, *res judicata*, and otherwise waived.  See also, *People v. Blair*, 215 Ill. 2d 427, 831 N.E. 2d 604 (2005)."

ANALYSIS

1.  Dismissal of the Second Successive Petition

We first address defendant's contention that the trial court "misconstrued his free-standing claim of actual innocence to require compliance with the cause and prejudice test" and erred in summarily dismissing the petition because defendant presented the gist of an actual innocence claim based on newly discovered evidence.  Alternatively, defendant asserts that his allegations sufficed to establish the cause-and-prejudice test.  In response, the State maintains that the trial court's order did not constitute a first-stage dismissal but, rather, denied defendant leave to file a second successive postconviction petition.

While the trial court may impliedly have suggested a first-stage dismissal by directing that the "second successor [*sic*] post-conviction petition is summarily dismissed," the order nonetheless expressly states that dismissal is "pursuant to the cause and prejudice requirements set forth in *People v. Pitsonbarger.*"  Although we concur in the State's position that the trial court's order denied leave to file the successive petition, our resolution of this issue is premised upon different grounds.

A trial court's compliance with statutory procedures implicates a question of law.  Accordingly, our standard of review is *de novo*.  *People v. Spivey*, 377 Ill. App. 3d 146, 148, 879 N.E.2d 391, 394 (2007).  Our review is of the trial court's judgment, not the reasons given for the judgment.  *People v. Lee*, 344 Ill. App. 3d 851, 853, 801 N.E.2d 969, 972 (2003).

The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2006)) provides a means whereby criminal defendants can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution, the Illinois Constitution, or both. 725 ILCS 5/122-1(a) (West 2006); *People v. Harris*, 206 Ill. 2d 293, 299, 794 N.E.2d 181, 186 (2002). Postconviction relief is limited to constitutional deprivations that occurred at the original trial. *People v. Coleman*, 183 Ill. 2d 366, 380, 701 N.E.2d 1063, 1071 (1998).

The Act generally limits a defendant to the filing of but one postconviction petition, (*People v. Holman*, 191 Ill. 2d 204, 210, 730 N.E.2d 39, 43 (2000)) and expressly provides that any claim of substantial denial of constitutional rights not raised in the original or amended petition is waived. 725 ILCS 5/122-3 (West 2006). Notwithstanding this procedural bar, claims in successive petitions may be reviewed when the proceedings on the original petitions are deficient in some fundamental way. *People v. Britt-El*, 206 Ill. 2d 331, 339, 794 N.E.2d 204, 209 (2002). Section 122-1(f) of the Act provides the legislature's limited grant of authority for successive petitions:

> "Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." 725 ILCS 5/122-1(f) (West 2006).

Adoption of the cause-and-prejudice test in subsection (f) thus codifies our supreme court's holding in *People v. Pitsonbarger*, 205 Ill. 2d 444, 793 N.E.2d 609 (2002). Cause is

6

defined as an objective factor, external to the defense, that impeded the defendant's effort to raise the claim in an earlier proceeding. *Pitsonbarger*, 205 Ill. 2d at 460, 793 N.E.2d at 621. Prejudice is defined as an error so serious that it affected the entire trial to the extent that the resulting conviction violates due process. *Pitsonbarger*, 205 Ill. 2d at 464, 793 N.E.2d at 624. Both requirements must be satisfied in order for the defendant to prevail. *Pitsonbarger*, 205 Ill. 2d at 464, 793 N.E.2d at 624.

In *People v. LaPointe*, 227 Ill. 2d 39, 879 N.E.2d 275 (2007), our supreme court held that because section 122-1(f) "expressly conditions leave to file on the petitioner's satisfaction of the cause-and-prejudice test, a second or successive petition cannot be considered filed despite its having been previously accepted by the clerk's office." *LaPointe*, 227 Ill. 2d at 44, 879N.E.2d at 278. The court thus determined that, "Having been denied leave to file the petition, LaPointe's case ended at that point without his second petition having ever been properly filed under the statute." *LaPointe*, 227 Ill. 2d at 44, 879 N.E.2d at 278. Accordingly, the submission of a second postconviction petition does not in itself trigger review on the merits. *People v. Wyles*, 383 Ill. App. 3d 271, 274, 891 N.E. 2d 437, 439 (2008).

Earlier, in *People v. DeBerry*, 372 Ill. App. 3d 1056, 868 N.E.2d 382 (2007), the Fourth District affirmed the dismissal of defendant's successive postconviction petition because defendant had likewise failed to comply with section 122-1(f) by first seeking leave to file the successive petition. The court held that section 122-1(f) acts as a "procedural hurdle to any such consideration that the legislature has intentionally chosen to impose regarding such petitions." *DeBerry*, 372 Ill. App. 3d at 1060, 868 N.E.2d at 384. A violation of the statute "trumps

7

anything that defendant's petition may contain." *DeBerry*, 372 Ill. App. 3d at 1060, 868 N.E.2d at 385. See also *People v. Thompson*, 383 Ill. App. 3d 924, 928, 890 N.E.2d 1119, 1124 (2008).

An identical result obtained in *People v. Spivey*, where the Second District held that, in accordance with *LaPointe*, a defendant must obtain the trial court's express leave in order to file a second postconviction petition. The trial court's consideration of the merits of the petition cannot be construed as an implicit ruling that the defendant has met section 122-1(f)'s threshold. *Spivey*, 377 Ill. App. 3d at 149-50, 879 N.E.2d at 395-96. Moreover, the court further held that because section 122-1(f) is a procedural prerequisite to obtaining review on the merits, the failure to meet the requirements of the statute means that the trial court need not, and should not, consider the merits of the petition, and the same proscription applies to the reviewing court. *Spivey*, 377 Ill. App. 3d at 150, 879 N.E.2d at 395-96, quoting *DeBerry*, 372 Ill. App. 3d at 1060, 868 N.E.2d at 384-85.

However, the procedural history of this case warrants a relaxation of the bright-line rule articulated in *LaPointe* and other appellate court decisions. Notably, here as in *People v. Smith*, 383 Ill. App. 3d 1078, 892 N.E.2d 55 (2008), defendant's 2005 petition for relief was grounded on section 2-1401 and, following recharacterization as a successive postconviction petition, was summarily dismissed. We remanded the matter pursuant to *Shellstrom* and after receiving his mandated admonishments, defendant elected to treat the filing as a successive petition. By granting defendant's request to amend the petition, here, as in *Smith*, the trial court implicitly acknowledged a request for leave to file and thus fulfilled the requirements of section 122-1(f). *Smith*, 383 Ill. App. 3d at 1084, 892 N.E.2d at 62. Although we agree that the filing of a separate

motion for leave to file a successive petition is the preferred mode of proceeding, given the unique circumstances presented here, the procedure did not hinder the trial court from performing its review under section 122-1(f). See *People v. Conick*, No. 105621, slip op. at 7 n.2 (November 20, 2008).

In the instant case, although defendant concededly failed to seek leave of court prior to filing his second successive petition, he asserts that he was not required to do so because "a valid claim of actual innocence can overcome the cause and prejudice test." Although we have no disagreement with defendant's assertion that claims of actual innocence may be raised at any time, such claims are not self-executing but, rather, must be raised within the framework of an avenue providing relief. In *People v. Washington*, 171 Ill. 2d 475, 489, 665 N.E.2d 1330, 1336-37 (1996), our supreme court recognized that the appropriate footing in the Illinois Constitution for asserting newly discovered claims of actual innocence was under the Post-Conviction Hearing Act. Thus, while mindful of *Pitsonbarger*'s reach, we do not subscribe to defendant's view that the mere allegation of actual innocence serves as a talisman to avert the cause-and-prejudice test. Although a showing of actual innocence may relax the bar of waiver, section 122-1(f) nonetheless mandates that defendants seek leave of court before filing successive postconviction petitions. *People v. Daniel*, 379 Ill. App. 3d 748, 750, 886 N.E.2d 383, 385 (2008).

Even assuming the merits of defendant's assertion that claims of actual innocence trump the cause-and-prejudice test, our analysis of the record within that construct lends little support to his position. Among the touchstones for judging claims of actual innocence is the requirement

9

that the evidence adduced by the defendant must first be "newly discovered." That means it must be evidence that was not available at a defendant's trial and that he could not have discovered sooner through due diligence. The evidence must also be material and noncumulative. *People v. Morgan*, 212 Ill. 2d 148, 154, 817 N.E.2d 524, 527-28 (2004). In addition, it must be of such conclusive character that it would probably change the result on retrial. *People v. Barrow*, 195 Ill. 2d 506, 540-41, 749 N.E.2d 892, 913 (2001).

However, "actual innocence" is not within the rubric of whether a defendant has been proved guilty beyond a reasonable doubt. *People v. Jones*, 362 Ill. App. 3d 31, 34, 839 N.E.2d 539, 542 (2005). Rather, the hallmark of "actual innocence" means "total vindication," or "exoneration." *People v. Savory*, 309 Ill. App. 3d 408, 414-15, 722 N.E.2d 220, 224-25 (1999).

Here, defendant's claim of actual innocence necessarily fails for twofold reasons. First, as to Tyrone Freeman, the purported machinations of Detective McWeeny and Assistant State's Attorney Rubin were essentially vetted at trial as well as in defendant's first *pro se* postconviction petition. Although Freeman's affidavit did not materialize until the pendency of defendant's section 2-1401 petition, precedent instructs that evidence is not newly discovered when it presents facts already known to a defendant at or prior to trial, though the source of these facts may have been unknown, unavailable or uncooperative. See *People v. Moleterno*, 254 Ill. App. 3d 615, 625, 627 N.E.2d 129, 136-37 (1993). As regards Terrence Franks and Erica Wright, their changing stories were likewise explored at trial. Moreover, in affirming the dismissal of defendant's first successive petition, we held that defendant had failed to show diligence in obtaining the witness's affidavits. Repackaging those allegations in support of

defendant's actual innocence claim undermines any suggestion of diligence.

Second, as noted, the newly discovered evidence must be of such conclusive nature that it would probably change the result on retrial. *Barrow*, 195 Ill. 2d at 540-41, 749 N.E.2d at 913. Evidence that merely impeaches a witness will typically not be of such conclusive character as to justify postconviction relief. *People v. Chew*, 160 Ill. App. 3d 1082, 1086, 513 N.E.2d 1099, 1101 (1987). Here, none of the allegations of defendant's proffered affidavits go to actual innocence. At best, they merely impeach or contradict trial testimony. Given the responses of Freeman at trial, coupled with his impeachment by Assistant State's Attorney Rubin, the time discrepancies do not establish defendant's innocence but, rather, impact Freeman's credibility as a witness. Similarly, as regards Franklin and Wright, the allegations of their 1998 affidavits measured against their trial testimony address considerations of credibility that go to reasonable doubt, not actual innocence.

For different reasons we likewise reject the suggestion that Preston Berry's affidavit offered in support of defendant's claim of ineffective assistance of counsel comes within the rubric of actual innocence. Freestanding claims of innocence contemplate that the newly discovered evidence is not also being used to supplement the assertion of another constitutional violation with respect to the trial. *Washington*, 171 Ill. 2d at 479, 665 N.E.2d at 1332. Accordingly, in *People v. Hobley*, 182 Ill. 2d 404, 696 N.E.2d 313 (1998), our supreme court held that newly discovered evidence of a negative fingerprint report and a second gasoline can recovered from the crime scene, while supportive of defendant's *Brady*, claim, could not also be raised as a claim of actual innocence. *Hobley*, 182 Ill. 2d at 444, 696 N.E.2d at 333. See also

1-07-1014

*People v. Brown*, 371 Ill. App. 3d 972, 984, 864 N.E.2d 767, 778 (2007) (affidavits used to assert ineffective assistance of counsel claim could not also be used to support a free-standing claim of actual innocence).

From the foregoing discussion one could well conclude that defendant has employed his claims of actual innocence essentially as a vehicle to challenge the sufficiency of the evidence. However, it has long been established that reasonable doubt of a defendant's guilt is not a proper issue for a postconviction proceeding. *People v. Frank*, 48 Ill. 2d 500, 504, 272 N.E.2d 25, 27 (1971). Succinctly stated, it is not the purpose of the Act to redetermine guilt or innocence. *People v. Eddmonds*, 143 Ill. 2d 501, 510, 578 N.E.2d 952, 955-56 (1991). Here, it is inescapable that the defendant has repackaged the reasonable doubt arguments advanced at trial, on direct appeal, and collateral review and placed them upon the altar of actual innocence. Yet, a defendant may not simply offer his interpretation of the original proceedings in support of the argument that "new facts" warrant reconsideration of the issue. *Barrow*, 195 Ill. 2d at 522, 749 N.E.2d at 903. For the foregoing reasons, we reject defendant's claim of actual innocence.

Alternatively, defendant contends that he demonstrated cause-and-prejudice for failing to present the claims in his second postconviction petition. Although both requirements must be met (*Pitsonbarger*, 205 Ill. 2d at 464, 793 N.E.2d at 624), our initial focus is upon cause; that is, whether defendant has established that an objective factor, external to the defense, impeded his efforts to raise the claim in an earlier proceeding. *Pitsonbarger*, 205 Ill. 2d at 460, 793 N.E.2d at 621-22. Considering first defendant's perjury claim, as previously noted, the recantations of Terrence Franks and Erica Wright were considered by the court and rejected by our order

12

affirming the dismissal of defendant's first successive postconviction petition. See *People v. Collier*, No. 1-99-4212 (2001) (unpublished order under Supreme Court Rule 23). Similarly, the seeds of Tyrone Freeman's revelations were in early bloom as evidenced from his trial testimony and sufficiently blossomed to warrant inclusion in defendant's first *pro se* postconviction petition filed during the pendency of defendant's direct appeal. Finally, as regards to defendant's claim of ineffective assistance of counsel, the record clearly shows that defendant was well aware of the purported significance of Preston Berry from the time of trial onward. Trial counsel's failure to secure the attendance of Berry at trial was among the claims raised in defendant's first *pro se* petition, and he has failed to provide a satisfactory explanation for failing to locate Berry and secure his affidavit for some 17 years.

We find that defendant's failure to demonstrate cause alone provided a sufficient basis to warrant the trial court's denial of his second successive postconviction petition. Moreover, it is abundantly clear that defendant has failed to satisfy the second requirement of prejudice. Despite defendant's proffer of recanted testimony, perjury and trial counsel's ineffectiveness, defendant has failed to demonstrate that his claims so infected the entire trial that his resulting conviction violated the process. *Pitsonbarger*, 205 Ill. 2d at 464, 793 N.E.2d at 624. *Res judicata* and forfeiture likewise bar further consideration of these claims.

### 2. Propriety of the State's Participation in the Proceedings

We next consider defendant's claim that the circuit court's reliance on the State's input at the first stage of his postconviction proceeding mandates reversal of the court's summary dismissal and a remand for further proceedings. The claim stems from the court's interaction

with the prosecutor upon receipt of our 2006 order remanding the matter for compliance with *Shellstrom*. Defendant submits that the colloquy between the court and counsel violates the requirement of *People v. Gaultney*, 174 Ill. 2d 410, 419-20, 675 N.E.2d 102, 107 (1996), that at the first step of postconviction proceedings, the court must consider the defendant's petition without any input from the State. Although we share in the efficacy of *Gaultney*'s proscription, the independent review it seeks to uphold concerns determinations of whether the petition is frivolous or is patently without merit. See 725 ILCS 5/122-2.1(a)(2) (West 2006). We agree with the State that this rule has no application where, as here, defendant's successive petition had not yet advanced to the first stage of postconviction proceedings. Consequently, because the court had yet to docket the successive petition, it is axiomatic that there was no properly filed petition for the court to consider. See *LaPointe*, 227 Ill. 2d at 43-44, 879 N.E.2d at 277-78.

An identical claim was raised in the First District case of *People v. Smith*, 383 Ill. App. 3d 1078, 892 N.E.2d 55 (2008), where the input between the court and counsel likewise followed remand for *Shellstrom* admonishments. In *Smith*, as here, the colloquy embraced the proper manner of proceeding on defendant's remanded *pro se* section 2-1401 petition for review. 735 ILCS 5/2-1401 (West 2004). Discussion did not focus on the merits of defendant's claims, but rather on the nature of the proceeding and the need to writ-in the defendant from the Department of Corrections pursuant to *Shellstrom*'s requirements. In turn, defendant appeared and following receipt of his admonishments, elected to have his section 2-1401 petition recharacterized as a successive postconviction petition and was granted 60 days to file an amended petition. Although there was additional interplay between the court and counsel in defendant's absence on

1-07-1014

March 28, 2007, the colloquy again focused on determining the background and procedural posture of the case.

Thus, what transpired during several truncated exchanges lends no support to the claim that the court improperly permitted input by the State in resolving a decisive issue in the proceedings. Here, as in *Smtih*, the record fails to demonstrate that the State discussed with or influenced the court in its decision to deny defendant leave to file his petition. Neither the merits of the petition, nor the procedural hurdles were discussed. The colloquy between the court and the assistant State's Attorney was directed only to the procedural posture of the case and the proper method of proceeding on remand. See *Smith*, 383 Ill. App. 3d at 1089-90, 892 N.E.2d at 66.

### 3. Court's Imposition of Sanctions

We next consider defendant's claim that the trial court improperly imposed sanctions against him upon a determination that his petitions were frivolous under section 22-105 of the Code (735 ILCS 5/22-105 (West 2006)). The sanctions included an assessment of fees and costs in the amount of $160 imposed on the instant petition, as well as on defendant's first successive petition summarily dismissed in 1999. Additionally, the court revoked 180 days of good time premised upon the filing of a frivolous petition.

We agree with defendant that the court did not have jurisdiction to enter the assessment for fees and costs because the appeal from his 1999 petition had long been final. Additionally, the order does not explain the basis for the $160 calculation, nor can we discern which portion applies to the 1999 petition as distinguished from the instant matter.

15

Moreover, we find similarly disquieting that portion of the order revoking defendant's good-time credits. Although the court professed to act pursuant to section 3-6-3(d) of the Unified Code of Corrections (730 ILCS 5/3-6-3(d) (West 2006)), that statute does not vest the court with any authority to revoke good time. The procedure contemplated under the statute provides that upon notification that a court has specifically found that a motion or other paper filed by a prisoner is frivolous, the Department of Corrections is mandated to conduct a hearing upon charges against the prisoner before the Prisoner Review Board to revoke up to 180 days of good-conduct credit. For purposes of this subsection, "frivolous" is defined by five separate criteria, none of which appears in the trial court's order. 730 ILCS 5/3-6-3(d)(1)(A) through (d)(1)(E) (West 2006). Obviously, the court exceeded its jurisdiction in its revocation of good-time credits.

Although defendant does not argue nor do we discern that statutory fees and costs could not be imposed under the prevailing statutes, that is not the situation we are called upon to address. Rather, because we find that the court acted beyond its jurisdiction and the order likewise lacks specificity, we vacate the order imposing fees and costs and revoking good-time credits.

### 4. Correction of the Mittimus

Defendant further maintains that the mittimus should be corrected to accurately state that he was convicted of a single count of first degree murder. The State concurs in that request, noting that this court may correct a mittimus and need not remand the matter to the trial court. Accordingly, the mittimus should be corrected to reflect a single conviction of first degree

1-07-1014

murder as alleged in count I of the indictment.


CONCLUSION

Based upon the foregoing reasons, we affirm the order of the circuit court denying defendant leave to file a second successive postconviction petition, we vacate the order assessing fees and costs and revoking good time credits and correct the mittimus.

Affirmed in part and vacated in part; mittimus corrected.

FITZGERALD SMITH, P.J., with O'MARA FROSSARD, J., concur.

1-07-1014

| Please Use Following Form: | |
|---|---|
| Complete TITLE of Case | THE PEOPLE OF THE STATE OF ILLINOIS,<br><br>                              Respondent-Appellee,<br><br>v.<br>SHONGO COLLIER,<br><br>                              Petitioner-Appellant. |
| Docket No.<br><br>COURT<br><br><br>Opinion Filed | Nos. 1-07-1014<br>Appellate Court of Illinois<br>First District, FIFTH Division<br><br>December 19, 2008<br>(Give month, day and year) |
| JUSTICES | JUSTICE TOOMIN delivered the opinion of the court:<br><br>Fitzgerald Smith, P.J. with O'Mara Frossard, J.,                    concur [s]<br><br>                                                                                    dissent[s] |
| APPEAL from the Circuit Ct. of Cook County, Chancery Div. | Lower Court and Trial Judge(s) in form indicated in the margin:<br><br>     The Honorable     Thomas R. Sumner, Judge Presiding. |
| For APPELLANTS, John Doe, of Chicago.<br><br>For APPELLEES, Smith and Smith of Chicago, Joseph Brown, (of Counsel)<br><br>Also add attorneys for third-party appellants or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel.  Indicate the word NONE if not represented.<br><br>Attorney for Petitioner-Appellant Shongo Collier.:     Patricia Unsinn, Deputy Defender<br>Ginger Leigh Odom<br>Office of the State Appellate Defender<br>203 North LaSalle Street - 24th Floor<br>Chicago, IL 60601<br><br>Attorneys for Respondent-People of the State of Illinois:     Richard A. Devine<br>State's Attorney<br>County of Cook<br>Room 309-Richard J. Daley Center,<br>Chicago, IL 60602<br>Of counsel:     James E. Fitzgerald, Eve Reilly, Louis A. Crisostomo, Assistant State's Attorneys. |