2023 IL App (1st) 220706 -U

No. 1-22-0706

Order filed June 30, 2023

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Respondent-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 11 CR 06287 |
| | ) | |
| JOE ROSADO, | ) | Honorable |
| | ) | Joseph M. Claps, |
| Petitioner-Appellant. | ) | Judge, presiding. |

_____

JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court's judgment is reversed where defendant makes a substantial showing of unreasonable assistance of postconviction counsel.

¶ 2     Petitioner-Appellant Joe Rosado appeals the trial court's dismissal of his third-stage postconviction petition pursuant to the Post-Conviction Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2016)). Rosado argues the trial court erred in dismissing his petition because he did not receive the benefit of his bargain by accepting a guilty plea and raises claims of actual innocence. Rosado

further argues postconviction counsel provided unreasonable assistance by, at the start of the evidentiary hearing, withdrawing the one claim that was advanced to the third-stage. For the following reasons, we reverse the trial court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4     Joe Rosado was arrested for a series of drug transactions that allegedly took place in March 2011. Rosado was charged with selling drugs to an undercover police officer. The cases were charged under 11CR0628702 (case no. 6287), 11CR0629001 (case no. 6290), 11CR0629101 (case no. 6291), and 11CR0629201 (case no. 6292). On July 9, 2012, Rosado was tried by a jury and acquitted in case no. 6291. On November 7, 2014, Rosado was tried by jury and convicted in case no. 6292. That same day, Rosado negotiated a plea of guilty in the instant case, case no. 6287, in exchange for concurrent time with his seven-year sentence in prison and the dismissal of case no. 6290.

¶ 5     Rosado appealed his conviction in case no. 6292, arguing *inter alia* that the trial court erred by admitting other crimes evidence. On August 1, 2017, this court reversed Rosado's conviction in *People v. Rosado,* 2017 IL App (1st) 143741. This court found that the trial court abused its discretion by allowing the State to present other crimes evidence stemming from the case in which he was acquitted, without allowing Rosado to inform the jury of the acquittal. Rosado was later acquitted in case no. 6292 in the re-trial before a new judge.

¶ 6     Rosado filed a *pro se* postconviction petition in the instant case on October 31, 2017. In his petition, Rosado alleged that: 1) he would not have pled guilty in the case had he known the trial court committed reversible error by admitting other crimes evidence which led to his conviction in case no. 6292; 2) he was actually innocent; and 3) he was not found guilty beyond a

reasonable doubt and raised a mistaken identity defense. Rosado's petition was advanced to the second stage and a public defender was appointed to assist Rosado.

¶ 7    On February 27, 2019, Rosado filed an amended petition alleging that his plea was unknowing and involuntary due to threats by the trial judge. The State filed a motion to dismiss the petition on July 10, 2019. The court denied the State's motion to dismiss, denied the claims made in the initial postconviction petition, and advanced the amended postconviction petition to the third stage on the claim that Rosado was threatened into pleading guilty by the trial judge.

¶ 8    Prior to the start of the third-stage evidentiary hearing on February 17, 2022, privately retained counsel for Rosado moved to withdraw the allegation that Rosado was threatened by the trial judge, and counsel instead proceeded on a claim alleged in the original petition that Rosado only pled guilty in the instant case because he was found guilty in case no. 6292. Specifically, counsel proceeded on two claims from the original *pro se* petition, which were:

> "11. My acceptance of the plea agreement in 11 CR 6287 was premised on my assumption that I had been convicted after receiving a fair trial before an unbiased judge in 11 CR 6292. I also believed that it was likely that the allegations that formed the basis of 11 CR 6291 and 11 CR 6292 would be presented to the jury as "other crimes" evidence if I went to trial no 11 CR 6287, making my conviction much more likely. I would not have pleaded guilty in 11 CR 6287 had I known that the judge committed reversible error in admitting "other crimes" evidence in my 3 trial in 11 CR 6292, and that she had exhibited legally impermissible apparent bias. Furthermore, I assert my innocence.

> 13. I did not file a timely motion to withdraw my guilty plea or a direct appeal from 11 CR 6287 because the basis of my claim of misapprehension of the law – that I

incorrectly thought I received a fair trial in 11 CR 6292 before an unbiased judge –

did not become apparent until the Appellate Court's decision in Rosado, 2017 IL

App (1st) 143741."

Rosado also alleged that had he known the appellate court would reverse the trial court's judgment in case no. 6292, he would not have pled guilty in the instant case. The postconviction judge granted counsel's motion to withdraw the amended postconviction petition.

¶ 9    Rosado called assistant public defender Wendy Steiner. Steiner testified that she was appointed to represent Rosado for post-trial motions and sentencing. When discussing the plea agreement, the following exchange occurred:

"Q. What was that offer?

A. If he pled to 7 years in the Department of Corrections on one of them the other

one would be *nolled*.

Q. Did he -- did -- what did you advise him regarding that?

A. We talked about it and based on what happened in the case in which he was

convicted, the Court's ruling and the Court's sentence, I advised him to take the

offer because I expected the Court's rulings to be the same if we took this case to

trial and that the sentence would be the same with a very substantial likelihood that

it would be greater if we went to trial on that matter.

Q. And was the offer that was made, that was -- was that concurrent to what he was

already being sentenced to?

A. Yes."

¶ 10    On cross-examination, Steiner stated that there was nothing unusual about the plea agreement to her knowledge. Steiner also stated that Rosado was not threatened by the trial judge into taking a plea. She further stated that, to the best of her knowledge, Rosado was aware of the ramifications of pleading guilty. Steiner stated that ultimately it was his decision, and she did not coerce him into taking the deal. She stated that based on her experience and expertise, she advised him to take the deal based on the trial judge's decision in case no. 6292 and the strength of the State's case.

¶ 11    The postconviction judge dismissed Rosado's petition on May 5, 2022. In a written order, the court explained that Rosado was aware of a reversible error and still decided to plead guilty in the instant case. The court further explained that Rosado could not withdraw his plea when he was aware of all the potential consequences and possibilities and pled guilty.

¶ 12    This timely appeal followed.

¶ 13                                    II. JURISDICTION

¶ 14    Rosado's postconviction petition was filed on October 31, 2017. Rosado's petition was dismissed on May 5, 2022. Rosado filed a timely notice of appeal on May 11, 2022. Accordingly, this court has jurisdiction pursuant to Article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Rule 651(a) (eff. July 1, 2017), governing appeals from a final judgment in postconviction proceedings.

¶ 15                                    III. ANALYSIS

¶ 16    On appeal, Rosado argues his plea should be vacated because (1) he was denied reasonable assistance of postconviction counsel, (2) he did not get the benefit of the bargain when he pled guilty in this case, and (3) the record reflects a grave risk that the trial court convicted an innocent person of a crime. Generally, we review a trial court's denial of a postconviction petition after a

third-stage evidentiary hearing for manifest error, which occurs when an error is plain, evident, and indisputable. *People v. Ortiz*, 235 Ill.2d 319, 333 (2009). However, "[i]f no credibility determinations are necessary, i.e., no new evidence is presented, and the issues are purely legal questions, we review the trial court's judgment *de novo*, unless the judge presiding over the matter has some relevant special expertise or familiarity with the trial or sentencing of the defendant." P*eople v. Rodriguez*, 402 Ill. App. 3d 932, 939 (2010), citing *People v. Beaman*, 229 Ill.2d 56, 72, (2008).

¶ 17    The Act establishes a process by which those under criminal sentence can assert that their convictions resulted from a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both. *People v. Tate*, 2012 IL 112214, ¶ 8. A postconviction proceeding contains three stages. *Id* ¶ 9. At the first stage, the trial court must independently review the postconviction petition and determine whether "the petition is frivolous or is patently without merit." *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). The court must dismiss the petition in a written order if it determines the petition is either frivolous or patently without merit. *Id.* At the second stage, counsel is appointed to represent the defendant if necessary, and the State may move to dismiss or answer the petition. *Id*. At this stage, the petitioner bears the burden of making a substantial showing of a constitutional violation. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). If no such showing is made, the petition will be dismissed. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001). However, if a substantial showing of a constitutional violation is made, then the petition advances to the third stage, where the circuit court conducts an evidentiary hearing. *Id*. At the third-stage evidentiary hearing, the burden is again on the petitioner to make a substantial showing of a deprivation of constitutional rights. *Pendleton*, 223 Ill. 2d at 473.

¶ 18                    A. Assistance of Postconviction Counsel

¶ 19    The Act entitles petitioners to a reasonable level of assistance from counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). A reasonable level of assistance entails a standard that is lower than the one mandated at trial by our state and federal constitutions. *People v. Custer*, 2019 IL 123339, ¶ 30. To ensure petitioners are afforded reasonable assistance, Supreme Court Rule 651(c) requires that postconviction counsel: (1) consult with the petitioner either by mail or in person to ascertain his constitutional claims; (2) examine the record of the trial court proceedings; and (3) make any amendments to the *pro se* petition necessary to adequately present the petitioner's claims. *Id.* The Act does not guarantee the same level of assistance as required by the Constitution. *People v. Owens*, 139 Ill.2d 351, 364–65 (1990).

¶ 20    "Where a certificate in accordance with Rule 651(c) is filed, 'the presumption exists that petitioner received the representation that Rule 651(c) requires a postconviction petitioner receive during second-stage proceedings.'" *People v. Mendoza*, 402 Ill. App. 3d 808, 813 (2010), quoting *People v. Rossi*, 387 Ill. App. 3d 1054, 1060 (2009). However, when counsel has been retained and not appointed, Rule 651 (c) 's specific requirements do not apply. *People v. Cotto*, 2016 IL 119006, ¶ 41; *People v. Richmond*, 188 Ill. 2d 376, 382 (1999). Retained counsel has an obligation to provide reasonable assistance. See *Cotto*, 2016 IL 119006, ¶¶ 41-42 (holding that all postconviction petitioners are owed reasonable assistance, regardless of whether they have retained or appointed counsel, and describing Rule 651(c) as "merely a vehicle for ensuring a reasonable level of assistance" but not "the only guarantee of reasonable assistance."). We have used a *Strickland*-like analysis in such cases to examine the attorney's performance and whether any performance deficiency prejudiced the postconviction petitioner. *People v. Zareski*, 2017 IL App (1st) 150836, ¶ 59; *People v. Johnson*, 2022 IL App (1st) 190258-U, ¶ 34. The primary inquiry when evaluating counsel's performance is whether the petitioner was prejudiced. *Zareski*, 2017 IL

App (1st) 150836, ¶ 60. In evaluating prejudice, we consider whether there is a reasonable probability of a different outcome on the petition if counsel provided reasonable assistance. *Id. ¶¶* 63-75.

¶ 21    Rosado claims that postconviction counsel was unreasonable for withdrawing his claim that his guilty plea was involuntary as a result of impermissible judicial bias and threats. Rosado maintains that the trial judge's order that advanced his petition to the third stage demonstrates his claim was meritorious. He also asserts that this court's decision in *People v. Rosado*, 2017 IL App (1st) 143741 supports his claim. The State responds by arguing postconviction counsel's performance was reasonable under the circumstances, specifically given the testimony of Steiner.

¶ 22    This court stated in *Rosado:*

> "[t]he trial court reversed its own evidentiary rulings between cases (for no discernible reason) and then made a lengthy statement indicating its belief in Rosado's guilt. We have not ordered the case reassigned due to trial court error in its evidentiary rulings. Outward appearances would suggest that the trial court changed its evidentiary rulings in the second case to ensure that Rosado was not acquitted again. This raises the type of situation that requires reassignment, to avoid even the appearance of bias." *Rosado*, 2017 IL App (1st) 143741, ¶ 45.

¶ 23    In its order advancing Rosado's petition to the third stage, the postconviction court determined that because of the trial court's statements regarding his guilt, Rosado's plea was not knowing or voluntary.

¶ 24    We find there is a reasonable probability there would have been a different outcome if postconviction counsel had not withdrawn Rosado's claim that was advanced to the third stage. The sole claim that was advanced for a third-stage evidentiary hearing was whether Rosado was

threatened into pleading guilty by the trial judge. Even if postconviction counsel was not unreasonable for raising issues that were not advanced to the third stage, counsel was unreasonable for withdrawing the sole issue that was advanced to the third stage. Postconviction counsel could have asked the court to reconsider the prior claims without withdrawing the claim that Rosado was threatened into pleading guilty. As a result, we find Rosado was prejudiced by postconviction counsel's performance and was denied reasonable assistance of counsel. *Zareski*, 2017 IL App (1st) 150836, ¶60.

¶ 25                                  B. Benefit of the Bargain

¶ 26    Next, Rosado argues his plea should be vacated because he did not receive the benefit of the bargain. However, Rosado did not raise this claim in his postconviction petition but raised it on appeal for the first time. Because Rosado makes this argument for the first time on appeal, he has forfeited the issue. 725 ILCS 5/122-3 (West 2016); *People v. Jones*, 211 Ill. 2d 140, 148 (2004) (defendant's claims not raised in their postconviction petition are forfeited on appeal).

¶ 27                                    C. Actual Innocence

¶ 28    Lastly, Rosado argues that his plea should be vacated because a trial would likely result in his acquittal. In response, the State contends that Rosado's alleged evidence does not meet the high standard to demonstrate that a trial would probably result in acquittal.

¶ 29    Leave to withdraw a plea of guilty is not granted as a matter of right, but as required to correct a manifest injustice. *People v. Evans*, 174 Ill. 2d 320, 326 (1996). "An admission of guilt— while often sufficient to support the acceptance of the plea and a conviction—is not guilt in fact." *People v. Reed*, 2020 IL 124940, ¶ 38 (citing *People v. Gaines*, 2020 IL 125165, ¶ 32)). A guilty plea is not an act that is reversible at a defendant's whim. *Evans*, 174 Ill. 2d at 326. "[A] successful actual innocence claim requires a defendant who pleads guilty to provide new, material,

noncumulative evidence that clearly and convincingly demonstrates that a trial would probably result in acquittal." *Reed*, 2020 IL 124940, ¶ 49. New evidence is evidence that was discovered after the court accepted the plea and could not have been discovered earlier through the exercise of due diligence. *Id*.

¶ 30     Rosado argues that his acquittal in the previous cases and this court's ruling in *Rosado* constitute new evidence. Specifically, he argues the results in the previous cases would have impeached the identifying officer that was crucial to his conviction. However, evidence that merely impeaches a witness will typically not be of such conclusive character to justify postconviction relief. *People v. Chew,* 160 Ill.App.3d 1082, 1086 (1987). Furthermore, the impeachment of a prosecution witness is an insufficient basis for granting a new trial. *People v. Ortiz*, 235 Ill. 2d 319, 335 (2009). As a result, Rosado's acquittal and this court's finding in *Rosado* that the identifying officer would be impeached do not constitute new, material, noncumulative evidence. *Reed*, 2020 IL 124940, ¶ 49. Hence, we reject Rosado's claim of actual innocence.

¶ 31                                   IV. CONCLUSION

¶ 32     Based upon the foregoing, we find that postconviction counsel provided unreasonable assistance to Rosado. We reverse and remand for a third-stage evidentiary hearing to consider the claim withdrawn by postconviction counsel. We further find that Rosado's purported evidence does not constitute new evidence to sustain a claim of actual innocence.

¶ 33     Reversed and remanded.