THIRD DIVISION

No. 1-07-1245

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit |
| | ) | Court of Cook County, Illinois. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 91 CR 22460 |
| GEORGE ANDERSON, | ) | |
| | ) | Honorable Mary Margaret Brosnahan, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE MURPHY delivered the opinion of the court:

Following a bench trial, defendant George Anderson was found guilty of first-degree murder and two counts of attempted first-degree murder. Defendant was subsequently sentenced to a term of life imprisonment for first-degree murder and consecutive terms of 25 years' imprisonment for the two attempted first-degree-murder convictions. Defendant appealed the trial court's order denying leave to file his fourth successive postconviction petition, asserting that the recent holding in *People v. Ortiz*, 235 Ill. 2d 319 (2009), relieves a defendant who is setting forth a claim of actual innocence from satisfying the "cause-and-prejudice" test as set forth in section 122-1(f) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(f) (West 2006)).

On January 13, 2010, this court issued an opinion affirming the dismissal of defendant's

petition based on defendant's failure to seek leave to file a successive petition in accordance with the Act. *People v. Anderson*, No. 1-07-1245, slip op. at 12-13 (January 13, 2010). On January 22, 2010, our supreme court issued its opinion in *People v. Tidwell*, 236 Ill. 2d 150 (2010), and on February 1, 2010, defendant filed a petition for rehearing pursuant to Supreme Court Rule 367 (Official Reports Advance Sheet No. 1 (January 13, 2010), R. 367, eff. December 29, 2009).[1] We granted defendant's petition for rehearing and we now consider whether the trial court's order dismissal of defendant's petition was proper. For the following reasons, we affirm the dismissal of defendant's fourth consecutive postconviction petition.

## I. BACKGROUND

On the afternoon of August 21, 1991, 11-year-old Jeremiah Miggins was in his neighbor's yard when he was caught in crossfire and killed. Several members of warring gangs were arrested and charged with the victim's shooting death. Codefendants Michael Sutton and Jerome Johnson were determined to be the principal offenders and convicted in separate trials on charges related to the shooting.

In a separate bench trial, defendant was charged with first-degree murder and attempted

---

[1]In *Tidwell*, our supreme court determined that section 122-1(f) of the Act does not mandate an explicit request for leave. Rather, the court opined that circuit courts have authority to grant leave to file successive postconviction petitions, *sua sponte. Tidwell*, 236 Ill. 2d at 158. There is no jurisdictional bar to a circuit court's review absent a request for leave and, likewise no bar for appellate review. *Tidwell*, 236 Ill. 2d at 162. Therefore, this court's original opinion affirming the dismissal of defendant's fourth successive postconviction petition based on his failure to affirmatively seek leave to file has been withdrawn.

first-degree murder for his role in the shooting. At trial, the State advanced the theory that defendant was accountable for Johnson's actions. The State argued that: defendant knew Johnson was armed when he drove him to retrieve his stolen vehicle; defendant and Johnson expected an armed confrontation; defendant and Johnson used a vehicle not owned by either to avoid detection when driving to the scene; and defendant drove Johnson from the scene after the shooting. Defendant asserted that he simply drove Johnson to pick up his car and did not know he was armed or that a confrontation was likely.

Testimony at trial was provided by an eyewitness who was not involved in the shooting, two men associated with Sutton, detectives who investigated the scene, an assistant State's Attorney and defendant. In addition, the State entered defendant's custodial statement into evidence. Defendant testified at trial that he assumed Johnson had a gun when they left to retrieve Johnson's car, but he did not see a gun. Defendant testified that he signed his custodial statement, in which he stated that he knew Johnson had a gun with him because they anticipated trouble, but that he did not understand what he was signing because he was too nervous.

On November 30, 1994, the trial court found defendant guilty of first-degree murder and two counts of attempted first-degree murder under an accountability theory based on his professed knowledge that Johnson was armed and his involvement in driving to and from the shooting. The trial court determined that defendant was eligible for the death penalty based on a prior murder conviction, but sentenced him to life imprisonment based on the prior and current first-degree-murder convictions and consecutive 25-year terms for his attempted first-degree-murder convictions. In a summary order, this court rejected defendant's direct appeal in which he argued that the State failed to prove him guilty beyond a reasonable doubt. *People v. Anderson*, No. 1-95-0500 (May 17, 1996) (unpublished order under Supreme Court Rule 23).

1-07-1245

This court stated that, in examining the record in a light most favorable to the State, "[d]efendant's actions and post-arrest statement support the trial court's findings that defendant knew the co-defendant was armed and intended to commit a shooting, and that defendant actively participated in the offense by driving the getaway car." *Anderson*, slip op. at 1-2.

On May 30, 1996, defendant filed his first *pro se* postconviction petition. The petition was denied by the trial court on July 30, 1996. Defendant appealed and this court affirmed. *People v. Anderson*, No. 1-96-3406 (November 22, 1996) (unpublished order under Supreme Court Rule 23). The record is unclear, but at some point thereafter, defendant filed a successive *pro se* postconviction petition that was also summarily dismissed. *People v. Anderson*, No. 1-01-4497, slip op. at 1-2 (November 22, 2002) (unpublished order under Supreme Court Rule 23). On August 16, 2001, defendant filed his third postconviction petition, which was summarily dismissed by the trial court on October 30, 2001. Defendant again appealed and counsel filed a motion to withdraw. Defendant filed a response *pro se*, arguing that his sentence violated the ruling in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). This court again affirmed the trial court's dismissal of the petition. *People v. Anderson*, No. 1-01-4497.

On November 13, 2006, defendant filed the instant fourth successive postconviction petition. The petition was presented as a petition to vacate judgment pursuant to section 2-1401 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2006). Defendant alleged that: the State committed prosecutorial misconduct by using perjured testimony at trial; he was not proved guilty beyond a reasonable doubt; and he suffered from ineffective assistance of appellate counsel. These allegations rested on grounds similar to those in the previously rejected petitions.

However, defendant also alleged that the State improperly withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87, 10 L. Ed. 2d 215, 218, 83 S. Ct. 1194, 1196-97 (1963), and that the proposed testimony of Johnson was improperly suppressed. Defendant attached Johnson's affidavit whereby Johnson stated that he was lied to by the attorneys on defendant's case so that he would not testify at defendant's trial. Johnson further averred that defendant was unarmed and did not assist in the shooting, but merely drove Johnson to pick up his car when a shooting broke out.

On December 18, 2006, the trial court entered a written order admonishing defendant pursuant to *People v. Shellstrom*, 216 Ill. 2d 45 (2005), that it intended to recharacterize defendant's section 2-1401 petition as a successive postconviction petition. The court advised defendant that he "may wish to withdraw the pleading; (2) amend the pleading so that it contains all appropriate claims under the [Act] relevant to petitioner's cause of action; or (3) do nothing." The trial court granted defendant 21 days to inform the court, in writing, of his chosen course of action. The order also, again citing *Shellstrom*, specifically admonished defendant that "this re-characterization means that any subsequent post-conviction petition will be subject to the restrictions pertaining to successive postconviction petitions."

Defendant did not undertake any action in response to this order. On February 27, 2007, more than 70 days from the order recharacterizing the section 2-1401 petition, the trial court entered a six-page order titled "Order Denying Petitioner Leave to File a Successive Petition for Post-Conviction Relief." Specifically, the court found that defendant failed to meet the cause-and-prejudice test of section 122-1(f) of the Act. 725 ILCS 5/122-1(f) (West 2006). The trial court stated that the ballistics report referenced in defendant's section 2-1401 petition was available at the time of defendant's first postconviction petition and therefore could not be

considered newly discovered evidence. Further, it held that it was inconclusive and would not be exculpatory. As it was never alleged that defendant fired a gun and defendant was convicted on an accountability theory, the issue of whether Johnson or Sutton fired the fatal shot was immaterial.

With respect to Johnson's testimony, the court opined that, even if the entirety of Johnson's affidavit were true, it would not exculpate defendant. The court reasoned that the trial and appellate courts both found that defendant did not pull the trigger of the gun that killed the victim. However, both courts also found that defendant knew the other men were armed and that they intended to commit a shooting. Accordingly, the trial court concluded that defendant failed to show cause and prejudice.

On March 23, 2007, defendant filed a motion to reconsider. Defendant again asserted that the State did not prove his guilt beyond a reasonable doubt. Defendant claimed that he showed cause and prejudice and should be granted leave to file an amended *pro se* petition. The trial court denied that motion on April 5, 2007, and this appeal followed.

## II. ANALYSIS

The trial court dismissed defendant's fourth successive postconviction petition, finding that the evidence was not newly discovered and defendant's claims of actual innocence and a *Brady* violation did not meet the cause-and-prejudice test. We review *de novo* a trial court's dismissal of a postconviction petition without an evidentiary hearing. *People v. Coleman*, 183 Ill. 2d 366, 380-89 (1998). We review the trial court's judgment, not the reasons cited, and we may affirm on any basis supported by the record if the judgment is correct. *People v. Lee*, 344 Ill. App. 3d 851, 853 (2003).

Defendant argues that the bar against successive postconviction petitions is excused when

actual innocence can be shown. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002). He contends that our supreme court's recent decision in *People v. Ortiz*, 235 Ill. 2d 319 (2009), expanded on the *Pitsonbarger* holding, removing the cause-and-prejudice test for petitions that set forth claims of actual innocence. Defendant asserts that our supreme court has consistently held, particularly for *pro se* litigants, that postconviction petitions must be reviewed for substantive merit. He contends that these cases simply require the petition not be frivolous or patently without merit. *People v. Brown*, 236 Ill. 2d 175 (2010); *People v. Hodges*, 234 Ill. 2d 1 (2009).

Defendant contends that he has met this burden. He claims that by Johnson's affidavit, there was no community of purpose to commit an unlawful act, but simply to retrieve Johnson's car. Further, defendant argues that the affidavit, taken as true, establishes that defendant had no knowledge that Johnson was armed and Johnson only fired his weapon in self-defense. Defendant argues that the affidavit is not cumulative because defendant did not see the shooting and Johnson, who obviously saw the shooting, would provide additional evidence not produced at trial. Defendant admits that the affidavit may be self-serving, but asserts that is irrelevant as it must be taken as true. Likewise, defendant argues that the State's claim that a petitioner cannot present an affidavit in support of both his actual innocence and *Brady* claims must fail. Defendant reiterates that a *pro se* petition must be reviewed generously and, in any event, there is no bar to alternative pleading.

Unfortunately, the parties' briefs and current jurisprudence on this issue have not made clear to this court precisely when a successive postconviction petition may be dismissed and when it must advance to second-stage proceedings. In this case, the decision in *Tidwell* clearly provided that a defendant's failure to properly seek leave to file a petition need not be fatal if the

trial court determines there is an adequate basis to rule on the sufficiency of the petition. However, *Tidwell* did not involve a claim of actual innocence and its consideration of the threshold cause-and-prejudice test is of no import here.

In *Ortiz*, the defendant alleged actual innocence in each of his three successive postconviction petitions. In his third successive postconviction petition, the defendant based his claim on testimony provided in his second postconviction petition as well as newly discovered evidence from two affidavits provided by additional, newly discovered eyewitnesses. The trial court found that the repeated testimony was barred under the doctrine of *res judicata*, but held a third-stage hearing based on the allegedly newly discovered eyewitness testimony. One witness testified at the hearing that he was initially scared to talk to the police because of repercussions from his gang and that he moved to Wisconsin after the shooting. More than 10 years later, he finally provided testimony in his affidavit to assuage his guilt and " 'get it off [his] chest.' " *Ortiz*, 235 Ill. 2d at 327. The witness testified that he knew the defendant as another member of his gang and did not see the defendant on the night of the shooting. He also testified that he saw other members of their gang initially beat the victim and later chase and shoot at the victim. *Ortiz*, 235 Ill. 2d at 325-26.

The trial court considered the testimony and found it insufficient to warrant a new trial as two eyewitnesses at trial identified the defendant as the shooter. The trial court opined that the newly discovered evidence was cumulative and, at trial, the eyewitnesses were determined to be credible. Therefore, it found that the defendant did not satisfy the cause-and-prejudice test to advance his successive petition. *Ortiz*, 235 Ill. 2d at 326-27. On appeal, this court reversed, finding that the defendant set forth a claim of actual innocence and, consistent with *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002), was excused from satisfying the cause-and-prejudice

test. *People v. Ortiz*, 385 Ill. App. 3d 1, 10-13 (2008).

The supreme court affirmed this holding. The court reasoned that, in light of *Pitsonbarger*, a defendant who sets forth a claim of actual innocence is excused from having to satisfy the cause-and-prejudice test. The court touched on the requirements for setting forth a claim of actual innocence. The court specifically rejected the State's claim that all successive postconviction petitions are subject to that test under the plain language of the Act. *Ortiz*, 235 Ill. 2d at 330. The court also found that the State's fears of unlimited "piecemeal" petitions couched in terms of actual innocence were unfounded because the preclusion doctrines of *res judicata*, collateral estoppel, and the law of the case would remain to preclude petitions that did not support a "new 'claim.' " *Ortiz*, 235 Ill. 2d at 332. The court later restated that "[i]n addition to being newly discovered, evidence in support of an actual innocence claim must be material to the issue and not merely cumulative of other trial evidence." *Ortiz*, 235 Ill. 2d at 334.

The defendant's claim was considered new as it was based on newly discovered evidence--a first-person account exculpating the defendant--that directly contradicted eyewitness statements made at trial. The *Ortiz* court found that the trial court's conclusion that this testimony was cumulative was manifestly erroneous. Because there was no physical evidence tying the defendant to the shooting and the new testimony contradicted the State's trial witnesses' testimony, the *Ortiz* court found it was so conclusive it would probably change the result of the trial. *Ortiz*, 235 Ill. 2d at 333. Accordingly, the court remanded the case for a new trial.

It follows from the language in *Ortiz*, that our supreme court is in agreement with this court's view expressed in *People v. Collier*, 387 Ill. App. 3d 630, 636 (2008). The *Collier* court's statement that a "mere allegation of actual innocence [may not serve] as a talisman to avert the cause-and-prejudice test" (*Collier*, 387 Ill. App. 3d at636), appears to have been

rejected by *Ortiz*. However, its determination that, to proceed to second-stage proceedings, a successive petition must be based on newly discovered evidence that could potentially exonerate the defendant was affirmed. See *Collier*, 387 Ill. App. 3d at 636. Specifically, the *Collier* court explained:

> "That means it must be evidence that was not available at a defendant's trial and that he could not have discovered sooner through due diligence. The evidence must also be material and noncumulative. *People v. Morgan*, 212 Ill. 2d 148, 154 *** (2004). In addition, it must be of such conclusive character that it would probably change the result on retrial. *People v. Barrow*, 195 Ill. 2d 506, 540-41 *** (2001). ***
>
> [T]he hallmark of 'actual innocence' means 'total vindication,' or 'exoneration.' *People v. Savory*, 309 Ill. App. 3d 408, 411-15 *** (1999)."
>
> *Collier*, 387 Ill. App. 3d at 636.

Accordingly, following *Ortiz*, we may conclude that the trial court's use of the cause-and-prejudice test was in error. However, under our *de novo* standard, we must determine if the dismissal of defendant's fourth successive postconviction petition was proper under the preclusion doctrines addressed in *Ortiz*. Our lack of clarity here results from the fact that, while the trial court's reliance on the cause-and-prejudice test was erroneous, the factors reviewed by the trial court under that test are the same factors considered when determining whether the claim is based on newly discovered evidence, cumulative or immaterial.

At best, it is arguable that the evidence here is newly discovered. Taking the affidavit as true, the trial court properly determined that it would not exonerate defendant and support a claim of actual innocence. With respect to whether the evidence was newly discovered, the trial

court opined that Johnson was ostensibly known to defendant and available. We agree that defendant did not display due diligence in seeking this evidence. However, the facts as provided by defendant and Johnson surrounding his alleged attempt to testify at trial and his alleged appearance in chambers at defendant's trial suggest that, no matter how diligent, defendant could not have unearthed this evidence. Certainly, if the cause-and-prejudice test remained proper for an actual innocence claim, this scenario could be debated under the cause prong. Therefore, we do not affirm the trial court on these grounds.

However, under the Act and *Collier* and *Ortiz*, for a successive petition to survive dismissal, the defendant must present evidence that is material to the issue and not cumulative of the evidence presented at trial. Defendant was convicted under an accountability theory for the actions of Johnson. Johnson's affidavit does not vindicate defendant. At best, his testimony could have been used in considering the weight of defendant's custodial statement. Johnson's statement is cumulative of defendant's testimony at trial--that defendant drove him to retrieve his vehicle and that they did not plan on a shooting. Perhaps Johnson's statement would provide a basis to argue the existence of a reasonable doubt, but as the State highlights, that is not the standard as addressed in *Collier* and affirmed in *Ortiz*. The trial court and this court have repeatedly affirmed defendant's conviction and accepted the evidence the State presented at trial. Johnson's statements cannot overcome that evidence to exonerate defendant. We find the allegedly newly discovered evidence fails to establish actual innocence and agree with the State that the trial court properly dismissed defendant's petition.

### III. CONCLUSION

For the foregoing reasons, we affirm the decision of the trial court.

Affirmed.

1-07-1245

QUINN and COLEMAN, JJ, concur.

———

1-07-1245

| | |
|---|---|
| Please Use Following Form: | |
| Complete TITLE of Case | **THE PEOPLE OF THE STATE OF ILLINOIS,** |
| | **Respondent-Appellee,** |
| | **v.** |
| | **GEORGE ANDERSON,** |
| | **Petitioner-Appellant.** |

**Nos. 1-07-1245**
**Appellate Court of Illinois**
**First District, THIRD Division**

**May 5, 2010**
(Give month, day and year)

Docket No.

COURT

Opinion Filed

JUSTICES

**PRESIDING JUSTICE MURPHY delivered the opinion of the court:**

**Quinn and Coleman, JJ.,** concur [s]

APPEAL from the Circuit Ct. of Cook County, Criminal Div.

**Lower Court and Trial Judge(s) in form indicated in the margin:**

**The Honorable Mary Margaret Brosnahan , Judge Presiding.**

For APPELLANTS, John Doe, of Chicago.

**Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented.**

**Attorneys for Petitioner-Appellant:**   **Michael J. Pelletier, State Appellate Defender**
**Patricia Unsinn, Deputy Defender**
**Michael H. Orenstein, Asst. Appellate Defender**
**203 N. LaSalle Street, 24th Floor**
**Chicago, IL 60601**
**Phone: (312) 814-5472**

For APPELLEES, Smith and Smith of Chicago, Joseph Brown, (of Counsel)

**Attorneys for Respondent-Appellee:**   **Anita Alvarez, State's Attorney of Cook County**
**Of counsel: James E. Fitzgerald, Alan J. Spellberg, John Nowak,**
**Asst. State's Attorneys**
**309 Richard J. Daley Center**
**Chicago, IL 60602**
**Phone: (312) 603-3362**