2020 IL App (2d) 170817-U
No. 2-17-0817
Order filed March 23, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 12-CF-2614 |
| KODY RYAN PATRICK JAMES WALSH, | ) ) ) | Honorable Brendan A. Maher, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Zenoff and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*: The trial court properly summarily dismissed defendant's postconviction petition alleging ineffective assistance of appellate counsel: whether defendant committed the murder and whether the death was accompanied by exceptionally brutal or heinous behavior were issues resolved by overlapping evidence, and therefore, appellate counsel was not ineffective for failing to challenge the denial of defendant's motion to bifurcate those issues at trial.

¶ 2   Defendant, Kody Ryan Patrick James Walsh, appeals the summary dismissal of his *pro se* postconviction petition. We determine that the petition failed to state the gist of a meritorious claim. Accordingly, we affirm.

¶ 3                          I. BACKGROUND

¶ 4    Defendant was charged with several offenses related to the shooting death of Lori Daniels.[1] Two charges of first-degree murder (720 ILCS 5/9-1(a)(1) (West 2012)) alleged that Daniels' death was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty (730 ILCS 5/5-8-1(a)(1), (b) (West 2012)).  This allegation subjected defendant to an extended-term sentence of natural life in prison.  *Id.*

¶ 5    Before trial, defendant moved to bifurcate the trial on the issues of whether defendant committed the murder and whether the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty.  See Ill. S. Ct. R. 451(g) (eff. Apr. 8, 2013).  The trial court denied the motion, finding that the evidence overlapped.  A jury convicted defendant of first-degree murder and found that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty.

¶ 6    Defendant filed a motion for a new trial, arguing, among other things, that the trial court erred in not bifurcating the trial.  The trial court denied the motion.

¶ 7    At sentencing, the trial court noted that the jury found that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty.  The trial court imposed a 55-year sentence on the murder conviction based on the circumstances of the offense and defendant's criminal activities, not on the brutal or heinous behavior.  See *Walsh*, 2016 IL App (2d) 140357, ¶¶ 5, 11.  The trial court imposed an additional 45-year term because defendant personally discharged a firearm that caused Daniels' death (see 730 ILCS 5/5-8-1(a)(1)(d)(iii)

---

[1] The facts of this case are well known to the parties and this court. See *People v. Walsh*, 2016 IL App (2d) 140357.  We recite only those facts necessary to understand the issue raised on appeal.

(West 2012)). Defendant appealed, challenging the firearm add-on, and this court affirmed. See *Walsh*, 2016 IL App (2d) 140357, ¶¶ 28, 30.

¶ 8    Defendant petitioned for postconviction relief, arguing, among other things, that his appellate counsel was ineffective for failing to raise on direct appeal the issues trial counsel raised in the motion for a new trial. Defendant did not cite any authority to support his claim or elaborate on what particular issues in the posttrial motion appellate counsel should have raised on direct appeal. The trial court summarily dismissed the petition as frivolous and patently without merit, noting that the petition was "entirely devoid of citation to any authority of any kind" and that defendant failed to "explain how any single issue, or any combination of issues, if raised on appeal, would have required reversal of any of his convictions."

¶ 9    This timely appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11    At issue in this appeal is whether the summary dismissal of defendant's postconviction petition was proper. "The [Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016))] provides a remedy to defendants who have suffered substantial violations of their constitutional rights." *People v. Barcik*, 365 Ill. App. 3d 183, 190 (2006). When the death penalty is not involved, there are three stages to the proceedings. *Id.* This appeal concerns the dismissal of a petition at the first stage.

¶ 12    During the first stage, the trial court determines whether the defendant's allegations sufficiently demonstrate a constitutional violation that would necessitate relief. *People v. Coleman*, 183 Ill. 2d 366, 380 (1998). The trial court may summarily dismiss the petition if it finds that the petition is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2016). A petition is frivolous or patently without merit only if it has no arguable basis in law or

fact. *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). A petition lacks an arguable basis in law or fact if it is "based on an indisputably meritless legal theory." *Id.* at 16-17. A *pro se* defendant need only state the gist of a meritorious claim to survive first-stage dismissal. See *People v. Kane*, 2013 IL App (2d) 110594, ¶ 26.

¶ 13    We review *de novo* the summary dismissal of a petition. *People v. Little*, 335 Ill. App. 3d 1046, 1051 (2003). In doing so, we review the trial court's judgment and not the reasons the trial court gave for ruling the way it did, and therefore we may affirm on any basis the record supports. *People v. Anderson*, 401 Ill. App. 3d 134, 138 (2010).

¶ 14    Here, the trial court summarily dismissed defendant's petition because he failed to cite authority to support his position and explain in detail why he was entitled to relief. Although failing to cite legal authority is not a basis for dismissal at the first stage (see *People v. Brown*, 236 Ill. 2d 175, 184 (2010)), merely asserting that appellate counsel was ineffective for failing to raise unspecified issues brought in a posttrial motion is (*People v. Borizov*, 2019 IL App (2d) 170004, ¶ 21).

¶ 15    That said, even if we concluded that defendant's petition sufficiently articulated his present claim, his petition would still fail. Defendant contends that his appellate counsel was ineffective for failing to argue on direct appeal that the trial court erred in denying his request for a bifurcated trial on the exceptionally brutal or heinous element of the murder charges. Ineffective assistance of counsel claims, including claims that appellate counsel was ineffective, are resolved under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Rogers*, 197 Ill. 2d 216, 223 (2001). Under *Strickland*, a defendant must demonstrate that counsel's performance was deficient and that such deficient performance substantially prejudiced the defendant. *Strickland*, 466 U.S. at 687. To demonstrate deficient performance, a defendant must establish that counsel's

performance fell below an objective standard of reasonableness. *People v. Edwards*, 195 Ill. 2d 142, 162-63 (2001). To show substantial prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If a case can be disposed of on the ground of lack of sufficient prejudice, the court need not consider the quality of the attorney's performance. *Id.* at 697.

¶ 16     In assessing whether appellate counsel was ineffective, we note that appellate counsel is not required to raise on direct appeal every conceivable issue, and appellate counsel is not incompetent for not raising issues that, in counsel's opinion, are meritless, unless counsel's assessment of the merits is patently wrong. *Borizov*, 2019 IL App (2d) 170004, ¶ 14. In assessing whether the defendant was prejudiced by appellate counsel's failure to raise an issue on direct appeal, we must examine the merits of the issue, as a defendant suffers no prejudice from appellate counsel's failure to raise nonmeritorious claims. *Id.*

¶ 17     Defendant essentially argues that, without a bifurcated trial, he was denied his right to present a defense. He suggests that, because a separate trial on whether the murder was exceptionally brutal or heinous was not held, he was prevented from presenting a defense concerning the brutal or heinous character of the murder, and this resulted in the jury convicting him based on its disgust rather than evidence of his guilt. We disagree.

¶ 18     The evidence against defendant was substantial, and as the trial court noted, the evidence establishing that defendant killed Daniels was the same evidence establishing that the murder was exceptionally brutal or heinous. Thus, to the extent that defendant claims that he was denied the right to present a defense because the trial was not bifurcated, we must conclude that, even if

bifurcation had been allowed, the outcome of defendant's trial would not have been different. See *Strickland*, 466 U.S. at 694.

¶ 19    Moreover, the jury's finding that the murder was exceptionally brutal or heinous did not affect defendant's sentence for murder. Without the sentencing enhancement, defendant faced a prison term between 20 and 60 years. 730 ILCS 5/5-4.5-20(a) (West 2012). Defendant's 55-year sentence fell within this range. In fashioning the sentence, the court noted that the jury found the murder exceptionally brutal or heinous, but the court imposed the sentence not based on that finding but on the circumstances of the murder and defendant's criminal activities, which are factors the court may always consider.

¶ 20                                III. CONCLUSION

¶ 21    For the reasons stated, we affirm the judgment of the circuit court of Winnebago County.

¶ 22    Affirmed.