2020 IL App (2d) 180108-U
No. 2-18-0108
Order filed August 17, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lee County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06-CF-168 |
| JACOB N. CECIL, | ) ) ) | Honorable Jacquelyn D. Ackert, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Jorgensen and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's claims on appeal from the summary dismissal of his postconviction petition were forfeited because they were not included in his petition.

¶ 2    Defendant, Jacob N. Cecil, filed a *pro se* postconviction petition that was summarily dismissed. He appeals that dismissal, contending that he presented arguable claims that his trial counsel was ineffective for failing to argue that (1) the trial court erred in allowing the State to introduce, at his second sentencing hearing, the transcript of his testimony at his first sentencing hearing, as he was denied his right against self-incrimination when he testified at that earlier hearing; and (2) the court erred in conducting an adversarial hearing pursuant to *People v. Krankel*,

102 Ill. 2d 181 (1984), without first appointing new counsel to represent defendant. The State claims that these issues are forfeited because defendant did not raise them in his petition. We agree with the State. Accordingly, we affirm.

¶ 3                                                    I. BACKGROUND

¶ 4     In June 2006, defendant robbed two convenience stores while armed with a sawed-off shotgun. He was charged with several offenses related to those incidents. He hired attorney Janet Doig Buttron to represent him. There were proceedings on defendant's fitness to stand trial, with the court ultimately finding defendant fit. Defendant eventually pleaded to one count of armed robbery (720 ILCS 5/18-2(a)(2) (West 2006)). Defendant testified at his sentencing hearing. On cross-examination, he confessed to using drugs, making and selling drugs, and serving as an enforcer for a drug dealer by collecting money from delinquent customers. Buttron objected during this testimony, but her objection was overruled. Defendant was sentenced to 60 years' imprisonment, *i.e.*, 45 years plus a 15-year firearm add-on (§ 18-2(b)).

¶ 5     Thereafter, defendant moved to withdraw his guilty plea and reconsider his sentence. An assistant public defender was appointed to represent him, and defendant thereafter filed two *Krankel* motions against that attorney. The trial court allowed the assistant public defender to withdraw and appointed a new assistant public defender, Anna Sacco-Miller, to represent defendant.

¶ 6     At a hearing on defendant's motion to withdraw his guilty plea, defendant said that, although he knew that he had the option not to testify at his sentencing hearing, he did not discuss that option with Buttron. He did not insist on testifying. He was not aware that he could make a statement in allocution rather than testify.

¶ 7     Buttron disagreed with defendant's account of their discussions. She stated that she and defendant thoroughly and repeatedly discussed his sentencing hearing, that defendant wished to make a statement in allocution, and that they were going to focus on the positive changes in defendant's attitude and character since he committed his crimes. When defendant began divulging information about uncharged crimes of which Buttron was unaware, she objected, but the trial court overruled those objections.

¶ 8     The court ultimately granted defendant's motion to withdraw his guilty plea because defendant had been improperly advised about good-time credit. In doing so, the court did not comment on whether defendant was denied his right against self-incrimination when he testified at the first sentencing hearing.

¶ 9     Defendant again pleaded guilty to armed robbery. Before the second sentencing hearing, defendant moved for a hearing pursuant to *Krankel*. Defendant claimed that Sacco-Miller had a conflict of interest and was ineffective. Supporting these claims, defendant alleged that the assistant state's attorney assigned to his case hated him; that Sacco-Miller assured defendant that this was not true, as she and the assistant state's attorney were good friends; and that he subsequently asked to discuss the matter further with Sacco-Miller, but she never responded. After defendant filed his *Krankel* motion, Sacco-Miller moved to withdraw.

¶ 10     At a hearing on both motions, Sacco-Miller asked to proceed on the motion to withdraw. When the trial court asked the assistant state's attorney to respond, he objected to what defendant alleged in his *Krankel* motion, noting that neither his familiarity with Sacco-Miller nor the fact that he had not talked to defendant recently rendered Sacco-Miller ineffective. The court asked defendant to respond, and he relied on his motion and expressed disappointment that his case had not been resolved sooner, as the assistant state's attorney had been available.

¶ 11     The trial court denied both motions. The court explained that the delay in defendant's case was due to conflicts between the court's calendars and the attorneys' calendars. The court commented that defendant had asked for a new attorney in the past when he was dissatisfied with his representation, and the court admonished defendant that it was not inclined to appoint new counsel to represent defendant every time he did not get what he wanted.

¶ 12     At the second sentencing hearing, defendant did not testify, but he made a statement in allocution and presented some of the same character witnesses he presented at the first sentencing hearing. Rather than call any witnesses, the State introduced a transcript from the first sentencing hearing. Defendant asked the court to disregard that transcript, advising the court that he had exaggerated his past criminal conduct because he was under the influence of cocaine and suffering from a mental illness. The trial court sentenced defendant to 45 years' imprisonment, noting that, based on what was disclosed in the transcript from the first sentencing hearing, it was extremely concerned about the threat defendant posed to society.

¶ 13     Defendant timely appealed, arguing that his sentence was excessive, and this court affirmed. *People v. Cecil*, 2017 IL App (2d) 150756-U.

¶ 14     Defendant then petitioned *pro se* for postconviction relief, arguing that, because his trial attorneys were ineffective, he was denied (1) a proper fitness hearing; (2) voluntary guilty plea; and (3) the opportunity to present at his sentencing hearing evidence of his diminished mental capacity, which would have lowered his sentence. Defendant also (4) raised various other errors, including that his trial attorneys were ineffective for (a) not preserving issues for appeal; (b) persuading defendant to plead guilty and, thus, abandoning a meaningful adversarial process; (c) not advising defendant about possible defenses; (d) relying on the State's version of events without conducting an independent investigation; and (e) not objecting to numerous errors. Last,

defendant contended that (5) appellate counsel was ineffective for "winnow[ing] out" numerous ineffective assistance of trial counsel claims and opting instead to argue on appeal only that defendant's sentence was excessive.

¶ 15    The trial court summarily dismissed the petition, finding it frivolous and patently without merit. This timely appeal followed.

¶ 16                                    II. ANALYSIS

¶ 17    At issue in this appeal is whether the summary dismissal of defendant's petition was proper. "The [Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016))] provides a remedy to defendants who have suffered substantial violations of their constitutional rights." *People v. Barcik*, 365 Ill. App. 3d 183, 190 (2006). There are three stages to the proceedings. *Id.* This appeal concerns the dismissal of a petition at the first stage.

¶ 18    At the first stage, a *pro se* defendant need only state the gist of a meritorious claim to survive dismissal. See *People v. Kane*, 2013 IL App (2d) 110594, ¶ 26. "A *pro se* [defendant] is not required to allege facts supporting all elements of a constitutional claim." *People v. Mars*, 2012 IL App (2d) 110695, ¶ 32. "Petitions filed *pro se* must be given a liberal construction and are to be viewed with a lenient eye, allowing borderline cases to proceed." *Id.* "Because a *pro se* defendant will likely be unaware of the precise legal basis for his claim, the threshold for survival is low, and a *pro se* defendant need allege only enough facts to make out a claim that is arguably constitutional for purposes of invoking the Act." *Id.* "However low the threshold, the petition must 'clearly set forth' the respects in which the [defendant's] constitutional rights were violated. (Internal quotation marks omitted.)" *Id.* (quoting *People v. Hodges*, 234 Ill. 2d 1, 9 (2009)). "This means that the pleading must bear some relationship to the issue raised on appeal." *Id.* "Liberal construction does not mean that we distort reality." *Id.* If a defendant raises a claim on appeal that

cannot be liberally construed as having been raised in the petition, that claim is forfeited. *Id.* ¶ 33; 725 ILCS 5/122-3 (West 2016) ("Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived.").

¶ 19 We review *de novo* the summary dismissal of a postconviction petition at the first stage. *People v. Coleman*, 183 Ill. 2d 366, 387-88 (1998). In doing so, we may affirm on any basis the record supports (*People v. Anderson*, 401 Ill. App. 3d 134, 138 (2010)), including a determination that defendant forfeited review of claims he raises on appeal by not raising those issues in his *pro se* petition (*Mars*, 2012 IL App (2d) 110695, ¶¶ 11, 33).

¶ 20 Defendant claims that he presented the gist of claims that counsel was ineffective for failing to argue that (1) the trial court erred in allowing the State to introduce, at his second sentencing hearing, the transcript of his testimony at his first sentencing hearing; and (2) the court erred in conducting an adversarial hearing pursuant to *Krankel* without first appointing new counsel to represent him. The State contends that both issues are forfeited, as defendant never raised them in his petition. We agree with the State.

¶ 21 None of the articulated issues defendant raised in his petition even remotely touched upon the issues he raises on appeal. Although defendant mentioned *Krankel* twice and his right against self-incrimination once in his petition, he did so in the context of addressing his claim that counsel failed to address his fitness. Specifically, in addressing his claim that he was denied a proper fitness hearing, he stated that "[a]t the outset of the a *Krank* [*sic*] Hearing \*\*\* [the assistant state's attorney] acknowledged [defendant] was first found unfit by one psychiatric doctor, but urged the court to adopt the stance of the subsequent psychiatric doctor who opined that [defendant] was fit to stand trial." Concerning his right against self-incrimination, he stated, in arguing that he was denied a proper fitness hearing, that "[t]he 'A' exhibit[, which is an affidavit from a psychologist,]

attest[s] to [defendant's] unfitness to stand trial and this result[ed] in self-incrimination instead of assisting in his own defense." Defendant again mentioned *Krankel* in arguing that he was denied the effective assistance of counsel at sentencing when counsel did not present evidence of his diminished mental capacity. Specifically, defendant asserted "[a]midst all [defendant's] claims of ineffective assistance one might reasonably wonder why he did not seek to have new counsel appointed." Continuing, defendant alleged that he "several times" sought the appointment of new counsel, citing the fact that he filed a *Krankel* motion when Sacco-Miller represented him. These fleeting references to *Krankel* and the right against self-incrimination did not amount to stating the gist of the claims defendant now raises on appeal. Concluding that they do would require this court to consider issues that the trial court never did. This is something we will not do.

¶ 22    Although we determine that defendant's claims are forfeited, we note that defendant is not without recourse. As our supreme court has determined, "[a] defendant who fails to include an issue in his original or amended postconviction petition, although precluded from raising the issue on appeal from the petition's dismissal, may raise the issue in a successive petition if he can meet the strictures of the 'cause and prejudice test.' " *People v. Jones*, 211 Ill. 2d 140, 148 (2004) (quoting *People v. Orange*, 195 Ill. 2d 437, 449 (2001)).

¶ 23                                    III. CONCLUSION

¶ 24    For the reasons stated, we affirm the judgment of the circuit court of Lee County.

¶ 25    Affirmed.