2022 IL App (1st) 191568-U

FIRST DISTRICT,
FIRST DIVISION
March 28, 2022

No. 1-19-1568

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) | No. 05 CR 15937 |
| ANTONIO WILLIAMS, | ) ) ) | Honorable Colleen Ann Hyland, |
| Defendant-Appellant. | ) ) | Judge Presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Hyman and Justice Walker concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Second-stage dismissal of defendant's postconviction petition affirmed where the petition was untimely.

¶ 2     Defendant Antonio Williams pled guilty to aggravated criminal sexual abuse (720 ILCS 5/11-1.60(d)) and was sentenced to an agreed term of 12 years' imprisonment. Defendant appeals the second-stage dismissal of his postconviction petition, arguing that he made a substantial showing that plea counsel was ineffective because he would not have pled guilty had counsel informed him of the possibility of involuntary civil commitment. For the following reasons, we affirm.

¶ 3                                           BACKGROUND

¶ 4            On March 21, 2007, defendant pled guilty to aggravated criminal sexual abuse. As a

factual basis for the plea, the parties stipulated that on June 6, 2005, defendant went to the

apartment of the victim and "committed an act of sexual conduct with the victim, whereupon

[he] placed his penis into the victim's vagina for the purpose of his own sexual gratification."

Defendant was charged with committing an act of sexual conduct upon the victim, who was

between the ages of 13 and 17 and defendant was at least five years older than the victim. At the

time of the offense, defendant was 32 years old, and the victim was 15 years old. The parties also

stipulated that the "evidence would show that the defendant admitted to having sex with the

victim."

¶ 5            The trial court ensured that defendant understood the rights he was giving up by pleading

guilty and that his plea was not the result of any "force, threats, or promises." The court accepted

defendant's plea as voluntary and intelligent. Defendant was sentenced to 12 years'

imprisonment pursuant to the negotiated plea. He did not file a direct appeal.

¶ 6            On November 5, 2012, defendant filed a *pro se* petition for postconviction relief pursuant

to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)), alleging that

his sixth amendment right to effective assistance of counsel was violated because he was

"force[d] to plea guilty [through] threat and intimidation." The circuit court dismissed his

petition for lack of standing because defendant was not in custody or on mandatory supervised

release when he filed the petition.

¶ 7            Defendant appealed the dismissal of his petition. On May 13, 2013, defendant filed a *pro*

*se* "Successive Petition for Postconviction Relief," arguing that "plea counsel's purported failure

to inform defendant of possibility of commitment was not [*sic*] deficient performance; counsel

had minimal duty to inform defendant of possibility of commitment." He also attached a letter addressed to the sentencing judge, alleging that he was "forced to plea guilty under case No. 05-CR-15937" and that he was "wrongfully convicted" in case No. 91 CR 17851.

¶ 8        Defendant then filed an agreed motion for summary disposition in this court regarding his pending appeal of the dismissal of his initial postconviction petition. We granted the motion, reversing the dismissal of defendant's petition, remanding for second-stage proceedings, and appointing postconviction counsel.[1]

¶ 9        On March 30, 2018, postconviction counsel filed a "Supplemental Post-Conviction Claim," arguing that "[c]ounsel's failure to inform [defendant] that his guilty plea *** could result in his involuntary civil commitment was unprofessional and constituted a substantial violation" of his constitutional right to effective assistance of counsel and if counsel had informed him, he "would have gone to trial and been acquitted." The petition further alleges that defendant "is innocent of the crime" and the victim "would not have been a credible witness" at trial.

¶ 10        In his affidavit attached to the supplemental petition, defendant avers that plea counsel did not inform him of the potential for involuntary civil commitment and that "[i]f [he] had known of the importance of the testimony toward proving facts that would have exonerated [him]," he would have testified at trial. Defendant claims he is "actually innocent" of the crime. He "did not believe [he] was culpably negligent" in filing his petition because "[a]fter [he]

---

[1] Although the record does not indicate a disposition on defendant's "successive" postconviction petition, the circuit court's order dismissing the petition indicates that the "Appellate court remanded the *pro se* petition with instructions to consider the initial *pro se* petition with petitioner's second petition filed May 13, 2013," and the State's motion to dismiss addresses defendant's successive petition.

learned that [he] would be held in custody indefinitely, [he] began to question whether [he] received effective assistance required by the Illinois and U.S. Constitutions."

¶ 11 The State moved to dismiss defendant's petition, arguing that it was untimely, that defendant failed to present any newly discovered evidence in support of his actual innocence claim, and that he did not establish that he was prejudiced by counsel's failure to advise him of the possibility of civil commitment.

¶ 12 On April 5, 2019, the circuit court dismissed defendant's postconviction petition. Relying on *People v. Hughes*, 2012 IL 112817, the court found that defendant made "bald, conclusory allegations" and "failed to support that he had known about the possibility of civil commitment, he would not have pled guilty." Defendant also failed to present any newly discovered evidence in support of his actual innocence claim.[2]

¶ 13                                                ANALYSIS

¶ 14 The Act allows criminal defendants to challenge their convictions based on constitutional violations. *People v. Domagala*, 2013 IL 113688, ¶ 32. At the first stage of postconviction proceedings, the circuit court shall summarily dismiss the petition if it is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2012). If the petition advances to the second stage, the State may file a motion to dismiss the petition. 725 ILCS 5/122-4 (West 2012). The circuit court "must determine whether the petition and any accompanying documentation make a 'substantial showing of a constitutional violation.' " *Domagala*, 2013 IL 113688, ¶ 33 (quoting *People v. Edwards*, 197 Ill. 2d 239, 246 (2001)). The

---

[2] The circuit court's order states that defendant "makes an allegation that he is actually innocent, and provides a 1991 statement and transcript in support of this claim." The statement and transcript are not in the record on appeal, but the circuit court found that these documents "involve an unrelated matter of which [defendant] still stands convicted."

defendant bears the burden of making this showing and allegations in the petition are taken as true unless they are "affirmatively refuted by the record." *Id.* We review the second-stage dismissal of a postconviction petition *de novo*. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

¶ 15    Initially, the State argues that defendant's petition was properly dismissed because it was untimely. The Act provides that if a defendant that received a non-death sentence "does not file a direct appeal, the post-conviction petition shall be filed no later than 3 years from the date of conviction, unless the [defendant] alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 2012). This does not apply to a petition advancing a claim of actual innocence. *Id.*

¶ 16    Culpable negligence is "something greater than ordinary negligence and is akin to recklessness." *People v. Boclair*, 202 Ill. 2d 89, 102 (2002). While not intentional, culpable negligence involves a disregard of the consequences likely to flow from one's actions. *People v. Lander*, 215 Ill. 2d 577, 586 (2005). It is defendant's burden to file a timely postconviction petition (*id.* at 588-89), and, if the petition is untimely, it is defendant's burden to establish a lack of culpable negligence (*People v. Stoecker*, 384 Ill. App. 3d 289, 292 (2008)). Defendant must "support his assertion" that he was not culpably negligent with "allegations of specific fact showing why his tardiness should be excused." *People v. Hobson*, 386 Ill. App. 3d 221, 233 (2008). We consider whether, taking defendant's allegations as true, they are "sufficient as a matter of law to demonstrate an absence of culpable negligence on defendant's part." *People v. Walker*, 331 Ill. App. 3d 335, 340 (2002). Showing a lack of culpable negligence is "very difficult to establish." *People v. Turner*, 337 Ill. App. 3d 80, 86 (2003).

¶ 17    Because defendant pled guilty and was sentenced on March 21, 2007 and he did not file a direct appeal, the deadline for filing a timely postconviction petition was March 21, 2010.

Defendant did not file his petition until November 5, 2012, over two years after the deadline. He must therefore show that his delay was not due to his "culpable negligence."

¶ 18    Defendant alleged in his affidavit that he "did not believe [he] was culpably negligent" because "[a]fter [he] learned that [he] would be held in custody indefinitely, [he] began to question whether [he] received effective assistance ***." Defendant asserts in his affidavit that he "currently reside[s] at the Department of Human Services/ Treatment and Detention Facility" and has "been held at the facility since [he] was released to the Department of Human Services on June 1, 2011." Even assuming that this is the date he learned of his possible claim, he offers no explanation for the additional 17-month delay in filing his initial postconviction petition. See *People v. Marino*, 397 Ill. App. 3d 1030, 1034 (2010) ("we look at both the circumstances surrounding the discovery of the claim and how promptly the defendant took action after that discovery"). Defendant does not indicate when he first learned of his potential claim or provide any explanation for the additional delay in filing his petition thereafter. He has therefore failed to allege specific facts showing why his tardiness should be excused. Compare *People v. Wilburn*, 338 Ill. App. 3d 1075, 1078 (finding that 16-month delay in filing postconviction petition after new law was established was not culpable negligence without explaining why) with *People v. Gerow*, 388 Ill. App. 3d 524, 530 (2009) (holding that "a nearly 27-month delay without any explanation must be attributed to defendant's culpable negligence," noting that "[t]he *Wilburn* court did not explain its reasoning for its decision that a 16-month delay did not constitute culpable negligence").

¶ 19    Defendant argues that his petition is not subject to the three-year time limitation because he filed a claim of actual innocence. See 725 ILCS 5/122-1(c). A freestanding claim of actual innocence requires evidence that is "newly discovered; material and not merely cumulative; and

'of such a conclusive nature that it would probably change the result on retrial.' " *People v. Ortiz*, 235 Ill. 2d 319, 333 (2009) (quoting *People v. Morgan*, 212 Ill. 2d 148, 154 (2004)). While defendant asserts that he is "actually innocent," he does not present any newly discovered evidence or allege any of the requirements of an actual innocence claim. "[T]his vague assertion of actual innocence does not excuse the untimeliness of the defendant's postconviction petition ***." *Stoecker*, 384 Ill. App. 3d 289, 294 (2008). We find that defendant's petition was untimely and properly dismissed.[3] Therefore, we need not address the merits of defendant's argument that plea counsel was ineffective. See, *e.g.*, *People v. Sawyer*, 2021 IL App (1st) 182123-U, ¶ 44 (declining to address merits of defendant's argument where postconviction petition was properly dismissed as untimely).

¶ 20                                          CONCLUSION

¶ 21        For the foregoing reasons, we affirm the second-stage dismissal of defendant's postconviction petition.

¶ 22        Affirmed.

---

[3] While the circuit court did not rule on the State's argument that defendant's petition was untimely, "[w]e review the trial court's judgment, not the reasons cited, and we may affirm on any basis supported by the record if the judgment is correct." *People v. Anderson*, 401 Ill. App. 3d 134, 134 (2010) (citing *People v. Lee*, 344 Ill. App. 3d 851, 853 (2003)).